```
John H. Gomez (171485)
James S. Iagmin (191300)
The Gomez Law Firm
625 Broadway, Suite 600
San Diego, California  92101
Telephone:  (619) 237-3490/Fax: (619) 237-3496
```

**Attorneys for Defendants Ryan Baldwin & Jayce Baldwin**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMPIRE FIRE & MARINE INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>vs.<br><br>JAMES A. NGUYEN; BINH HUU NGUYEN; DIANE HOA NGUYEN; RYAN BALDWIN; JAYCE BALDWIN; and DOES 1 through 200,<br><br>                Defendants. | Case No. 08cv0056 IEG (AJB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS RYAN BALDWIN AND JAYCE BALDWIN'S MOTION TO DISMISS OR STAY**<br><br>**FRCP 12(b)(1, 3, and 6)**<br><br>Judge:     Hon. Irma E. Gonzalez<br>Courtroom: 1<br>Date:      June 16, 2008<br>Time:      10:30 a.m. |

## I.

## INTRODUCTION

Defendants Ryan Baldwin and Jayce Baldwin move this Court to dismiss, or in the alternative stay, the above captioned case because it is duplicative of pending state court litigation. Ryan Baldwin and Jayce Baldwin have sued, among others, defendants James A. Nguyen, Binh Huu Nguyen, and Diane Hoa Nguyen in the Superior Court of California, in and for the County of San Diego (case no. 37-2007-00081572-CU-PO-CTL, filed November 13, 2007), for injuries and damages suffered when Ryan Baldwin was shot. The Baldwins allege

**The Gomez Law Firm**
Attorneys at Law

Memorandum of Points & Authorities in Support of the              08cv0056 IEG (AJB)
Baldwin Defendants' Motion for Dismissal or Stay                                   page 1

that James Nguyen shot Ryan Baldwin[1]. The Baldwins further allege that Binh Huu Nguyen and Diane Hoa Nguyen are the parents of James Nguyen and were negligent in their failure to recognize their son's violent propensities and to supervise and control him. The Nguyens have appeared, and are actively participating, in the state court litigation.

The Baldwins would suffer undue prejudice, in the form of costly, duplicative litigation, if plaintiff Empire Fire & Marine Insurance Company's pending Declaratory Relief action is permitted to proceed. The Nguyen's counsel in the state court action has propounded voluminous written discovery on the Baldwins, including Form Interrogatories, Contention Interrogatories, Requests for Admission and Requests for Production of Documents. (Iagmin Declaration, ¶ 3; Notice of Lodgment, Ex. 2.) The Nguyen's counsel in the state court action has also noticed the Baldwins' depositions. (Iagmin Declaration, ¶ 4; Notice of Lodgment, Ex. 3.) It is clear that the Nguyens are aggressively defending themselves in the pending state court action. It has become equally clear that the issues and discovery in this federal court action will in many respects duplicate the state court litigation. For these reasons, defendants Ryan Baldwin and Jayce Baldwin respectfully request that this Court dismiss or stay this federal court pending the resolution of the state court case.

## II.

### THIS FEDERAL COURT ACTION SHOULD BE DISMISSED, OR STAYED, PENDING RESOLUTION OF THE RELATED STATE COURT ACTION.

The Baldwin defendants bring this motion based on Federal Rules of Civil Procedure sections 12(b)(1, 3 and 6.) As described below, the exercise of jurisdiction over this matter is improper because there is litigation pending in the state court which involves the same legal and factual issues.

The United States Supreme Court has warned against a declaratory relief action in federal court interfering with a state court action involving the same issues and parties. In *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494-495 (1942), the U.S. Supreme

---

[1] James Nguyen, who was 17 years old at the time of the crime, pled guilty to shooting Ryan Baldwin in association with, and for the benefit of, a street gang. (Iagmin Dec., ¶ 2; Notice of Lodgement Ex. 1.)

The Gomez Law Firm
Attorneys at Law

Memorandum of Points & Authorities in Support of the                                       08cv0056 IEG (AJB)
Baldwin Defendants' Motion for Dismissal or Stay                                                       page 2

Court advised:

> The motion rested upon the claim that since another proceeding was pending in a state court in which all the matters in controversy between the parties could be fully adjudicated, a declaratory judgment in the federal court was unwarranted. The correctness of this claim was certainly relevant in determining whether the District Court should assume jurisdiction and proceed to determine the rights of the parties. Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

Where pending state court litigation involves the same factual and legal issues, as well as a dispute between the same parties, the federal court action should be dismissed or stayed in favor of the state court action.

The Ninth Circuit has adopted the United States Supreme Court's test, set forth in *Brillhart, supra,* to determine whether it is appropriate to enjoin a federal declaratory relief action in favor of pending state court litigation. In *Government Employees Ins. Co. v. Dizol*, 133 F. 3rd 1220, 1225 (9th Cir., 1998), the court held:

> The Brillhart factors remain the philosophic touchstone for the district court. The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation. … *Robsac*, 947 F. 2nd at 1371-73. <u>If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court.</u> *Chamberlain v. Allstate Ins. Co.*, 931 F. 2nd 1361, 1366-67 (9th Cir., 1991). The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief. *Id.* at 1367. Nonetheless, federal courts should generally decline to entertain reactive declaratory actions.

(Emphasis added.) The Ninth Circuit stated also that, "the *Brillhart* factors are not exhaustive." The District Court may consider, "whether the declaratory relief action is being sought for merely the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems." *Government Employees Ins. Co., supra,* 133 F. 3rd 1220, 1225

The Gomez Law Firm
Attorneys at Law

Memorandum of Points & Authorities in Support of the
Baldwin Defendants' Motion for Dismissal or Stay

08cv0056 IEG (AJB)
page 3

(footnote 5).

The *Brillhart* factors, applied to the facts of this case, strongly favor dismissal, or stay, of the pending federal litigation. Two critical issues in the state court involve factual determinations whether Binh Huu Nguyen and Diane Hoa Nguyen knew or should have know of their son's dangerous propensities and whether they took reasonable steps to supervise and control him. The parties are presently litigating these issues in state court. For example, the Nguyens' counsel has propounded numerous contention interrogatories directed at this issue. The Nguyens' counsel has also noticed the Baldwins' depositions. Forcing the Baldwins to participate in this federal action would effectively subject them to duplicative litigation, including the substantial burdens and associated costs, on these issues.

Proceeding with this federal court action would also create the risk of a res judicata effect on the issue of negligent supervision, an important determination which should be made in the state court action. The Nguyens', and their insurer, should not be allowed to shop for a forum which they believe will resolve this issue more favorably than they may expect in the state court. Moreover, given the differences in federal and state court litigation, there is a risk that the Baldwins could be subjected to inconsistent findings in the state and federal court litigation. The risk of this type of state and federal court entanglement should not be permitted. The Baldwins deserve to have the important issues in their state court case resolved in state court, where the balance of the defendants, including the other defendants involved in the shooting, are litigating this case's factual and legal issues.

///
///
///
///
///
///
///
///

The Gomez Law Firm
Attorneys at Law

Memorandum of Points & Authorities in Support of the
Baldwin Defendants' Motion for Dismissal or Stay

08cv0056 IEG (AJB)
page 4

# III.
## CONCLUSION

This federal court declaratory relief action involves the same factual and legal issues currently being litigated in the pending state court litigation. Allowing the federal court action to proceed would unfairly subject the Baldwins to duplicative, burdensome and costly litigation. Allowing the federal court action to proceed would also subject the Baldwins to the risk of inconsistent findings. For these reasons, defendants Ryan Baldwin and Jayce Baldwin respectfully request that this Court dismiss or stay this federal court pending the resolution of the state court case.

Dated:  April 22, 2008                                          **THE GOMEZ LAW FIRM**


By: /s/ James S. Iagmin
    James S. Iagmin, Esq.
    Attorneys for Defendants
    Ryan Baldwin and Jayce Baldwi
    james@thegomezfirm.com

**The Gomez Law Firm**
Attorneys at Law

Memorandum of Points & Authorities in Support of the
Baldwin Defendants' Motion for Dismissal or Stay

08cv0056 IEG (AJB)
page 5