1 | John H. Gomez (171485)
James S. Iagmin (191300)
2 | The Gomez Law Firm
625 Broadway, Suite 600
3 | San Diego, California 92101
Telephone: (619) 237-3490/Fax: (619) 237-3496
4 |
**Attorneys for Defendants Ryan Baldwin & Jayce Baldwin**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMPIRE FIRE & MARINE INSURANCE COMPANY, | Case No. 08cv0056 IEG (AJB) |
| Plaintiff, | **NOTICE OF LODGMENT IN SUPPORT OF DEFENDANTS RYAN BALDWIN AND JAYCE BALDWIN'S MOTION TO DISMISS OR STAY** |
| vs. | |
| JAMES A. NGUYEN; BINH HUU NGUYEN; DIANE HOA NGUYEN; RYAN BALDWIN; JAYCE BALDWIN; and DOES 1 through 200, | **FRCP 12(b)(1, 3, and 6)** |
| Defendants. | Judge:      Hon. Irma E. Gonzalez<br>Courtroom:  1<br>Date:       June 16, 2008<br>Time:       10:30 a.m. |

The Baldwins lodge the following in support of their motion to dismiss or stay:

Exhibit 1:   A true and correct copy of James Nguyen's guilty plea;

Exhibit 2:   True and correct copies of written discovery, served by the Nguyen's counsel in the state court action;

Exhibit 3:   True and correct copies of notices for the depositions of Ryan Baldwin and Jayce Baldwin, served by the Nguyen's counsel in the state court action.

Dated: April 22, 2008                **THE GOMEZ LAW FIRM**

By: /s/ James S. Iagmin _____
James S. Iagmin, Esq.
Attorneys for Defendants
Ryan Baldwin and Jayce Baldwin
james@thegomezfirm.com

# EXHIBIT 1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | Clerk of the Court Use Only Superior Court |
|---|---|
| PEOPLE vs _James Nguyen_    Defendant<br>_James An Nguyen_ | F I L E D<br>MAY 1 1 2007<br>By: F. DRAKE Deputy |
| PLEA OF GUILTY/NO CONTEST – FELONY | Court Number: SCD 198657<br>DA Number: ABT621 |

I, the defendant in the above-entitled case, in support of my plea of Guilty/No Contest, personally declare as follows:

1.  Of those charges now filed against me in this case, I plead _Guilty_ to the following offenses and admit the enhancements, allegations and prior convictions as follows:

| COUNT | CHARGE | ENHANCEMENT/ALLEGATION |
|---|---|---|
| III | 245(b) PC | 186.22 (b)(1) PC |
| | | 12022.5(a)  PC |
| | | |
| | | |

PRIORS: (LIST ALLEGATION SECTION, CONVICTION DATE, COUNTY, CASE NUMBER, AND CHARGE)

|  |  |  |  |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

2.  I have not been induced to enter this plea by any promise or representation of any kind, except: *(State any agreement with the District Attorney.)* _dismiss balance, sentence by court in the range of 9-18 years prison._

3.  I am entering my plea freely and voluntarily, without fear or threat to me or anyone closely related to me.

4.  I understand that a plea of No Contest is the same as a plea of Guilty for all purposes.

5.  I am sober and my judgment is not impaired. I have not consumed any drug, alcohol or narcotic within the past 24 hours.

## CONSTITUTIONAL RIGHTS

6a.  I understand that I have the right to be represented by a lawyer at all stages of the proceedings. I can hire my own lawyer or the Court will appoint a lawyer for me if I cannot afford one.

**I understand** that as to all charges, allegations and prior convictions filed against me, and as to any facts that may be used to increase my sentence, now or in the future, I also have the **following constitutional rights, which I now give up** to enter my plea of guilty/no contest:

6b.  I have the right to a **speedy and public trial by jury**. I now give up this right.

6c.  I have the right to **confront and cross-examine all the witnesses** against me. **I now give up this right.**

6d.  I have the right to **remain silent** (unless I choose to testify on my own behalf). **I now give up this right.**

6e.  I have the right to **present evidence in my behalf** and to have the court subpoena my witnesses at no cost to me. **I now give up this right.**

| Defendant: _James An Nguyen_ | CASE NUMBER: _SCD 198657_ |

## CONSEQUENCES OF PLEA OF GUILTY OR NO CONTEST

7a. I understand that I may receive this maximum punishment as a result of my plea: _18yr_ years in State Prison, $ _10,000_ fine and _4_ years parole (4, 7, 14, life) with return to prison for every parole violation. If I am not sentenced to prison I may receive probation for a period up to 5 years or the maximum prison term, whichever is greater. As conditions of probation I may be given up to a year in jail custody, plus the fine, and any other conditions deemed reasonable by the Court. I understand that if I violate any condition of probation I can be sent to State Prison for the maximum term as stated above.

7b. I understand that I must pay a restitution fine ($200 - $10,000), that I will also be subject to a suspended fine in the same amount, and that I must pay full restitution to all victims.

7c. I understand that my conviction in this case will be a serious/violent felony ("strike") resulting in mandatory denial of probation and substantially increased penalties in any future felony case.

7d. I understand that if I am not a U.S. citizen, this plea of Guilty/No Contest may result in my removal/deportation, exclusion from admission to the U.S. and denial of naturalization. Additionally, if this plea is to an "Aggravated Felony" listed on the back of this form, then I **will** be deported, excluded from admission to the U.S., and denied naturalization.

7e. I understand that my plea of Guilty or No Contest in this case could result in revocation of my probation or parole in other cases, and consecutive sentences.

7f. My attorney has explained to me that other possible consequences of this plea may be: (Circle applicable consequences.)

(1) Consecutive sentences
(2) Loss of driving privileges
(3) Commitment to Youth Authority
(4) Registration as an arson / ~~sex~~ / ~~narcotic~~ / gang offender
(5) Cannot possess firearms or ammunition
(6) Blood test and saliva sample

(7) Priorable (increased punishment for future offenses)
(8) Prison prior
(9) Mandatory prison
(10) Presumptive prison
(11) Sexually Violent Predator Law
(12) Possible/Mandatory hormone suppression treatment

(13) Reduced conduct credits
    a) Violent Felony (No credit or max. 15%)
    b. Prior Strike(s) (No credit to max. 20%)
    c. Murder on/after 6/3/98 (No credit)
(14) Loss of public assistance
(15) AIDS education program
(16) Other: _____

## OTHER WAIVERS

8. **(Appeal Rights)** I give up my right to appeal the following: 1) denial of my 1538.5 motion, 2) issues related to strike priors (under PC sections 667(b)-(i) and 1170.12), and 3) any sentence stipulated herein.

9. **(*Harvey* Waiver)** The sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence.

10. **(*Blakely* Waiver)** Except where a prison term has been set by stipulation of the parties, I agree that the sentencing judge may determine the existence or non-existence of any aggravating facts which may be used to increase my sentence on any count or allegation above the middle term, either at the initial sentencing or at any future sentencing in the event my probation is revoked.

11. **(*Arbuckle* Waiver)** I give up my right to be sentenced by the judge who accepts this plea.

12. **(Probation Report)** I give up my right to a full probation report before sentencing.



| Defendant: *James An Nguyen* | CASE NUMBER: SCD 198657 |
|---|---|

13. **(Evidence Disposal Waiver)** I give up my interest in all non-biological property/evidence impounded during the investigation of this case except *CPU tower* and acknowledge that if I listed any property here, I must also file a claim with the impounding agency within 60 days after pronouncement of judgment or my ability to make a claim will expire.

## PLEA

14. I now plead Guilty/No Contest and admit the charges, convictions and allegations described in paragraph #1, above. I admit that on the dates charged, I: *(Describe facts as to each charge and allegation)* *I committed an assault w/ a semi automatic firearm in association with & for the benefit of a street gang. The use of a firearm was personal.*

15. I declare under penalty of perjury that I have read, understood, and initialed each item above and any attached addendum, and everything on the form and any attached addendum is true and correct.

Dated: *5-11-07*        Defendant's Signature X _____

Defendant's Address: _____
                                   Street

_____
City          State          Zip

Telephone Number: (____) _____

Defendant's Right Thumb Print

## ATTORNEY'S STATEMENT

I, the attorney for the defendant in the above-entitled case, personally read and explained to the defendant the entire contents of this plea form and any addendum thereto. I discussed all charges and possible defenses with the defendant, and the consequences of this plea, including any immigration consequences. I personally observed the defendant fill in and initial each item, or read and initial each item to acknowledge his/her understanding and waivers. I observed the defendant date and sign this form and any addendum. I concur in the defendant's plea and waiver of constitutional rights.

Dated: *May 11. 2007*      *John J. Lee*                    _____
                                  (Print Name)              Attorney for Defendant        (Signature)
                                                            (Circle one:   PD / APD / PCC / RETAINED)

## INTERPRETER'S STATEMENT (If Applicable)

I, the sworn _____ language interpreter in this proceeding, truly translated for the defendant the entire contents of this form and any attached addendum. The defendant indicated understanding of the contents of this form and any addendum and then initialed and signed the form and any addendum.

Dated: _____        _____
                                  (Print Name)        Court Interpreter        (Signature)

## PROSECUTOR'S STATEMENT

The People of the State of California, plaintiff, by its attorney, the District Attorney for the County of San Diego, concurs with the defendant's plea of Guilty/No Contest as set forth above.

Dated: *11 May 2007*      *DENNIS PANISH*          *Dennis Panish*
                                  (Print Name)        Deputy District Attorney        (Signature)

## COURT'S FINDING AND ORDER

The Court, having questioned the defendant and defendant's attorney concerning the defendant's plea of Guilty/No Contest and admissions of the prior convictions and allegations, if any, finds that: The defendant understands and voluntarily and intelligently waives his/her constitutional rights; the defendant's plea and admissions are freely and voluntarily made; the defendant understands the nature of the charges and the consequences of the plea and admissions; and there is a factual basis for same. The Court accepts the defendant's plea and admissions, and the defendant is convicted thereby.

Dated: *May 11 2007*      _____
                                                    Judge of the Superior Court

# EXHIBIT 2

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
MARVIN J. STRAUS, ESQ. (SBN#199315)
PARKER RAINSBURY STRAUS, LLP
401 West A Street
Suite 1715
San Diego, CA 92101
TELEPHONE NO.: (619) 702-7660
FAX NO. (Optional): (619) 702-8544
E-MAIL ADDRESS (Optional): mjs@parkerllp.com
ATTORNEY FOR (Name): Defs, Binh Huu Nguyen, Diane Hoa Nguyen and James A. Nguyen

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
SAN DIEGO SUPERIOR COURT
CENTRAL DIVISION — Hall of Justice

SHORT TITLE OF CASE: RYAN BALDWIN, ET AL. V. CHRISTOPHER A. BUI, ET AL.

| FORM INTERROGATORIES—GENERAL | CASE NUMBER: |
|---|---|
| Asking Party: Defendant, James A. Nguyen<br><br>Answering Party: Plaintiff, Ryan Baldwin<br>Set No.: One | 37-2007-00081572-CU-PO-CTL |

**Sec. 1. Instructions to All Parties**

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010-2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

**Sec. 2. Instructions to the Asking Party**

(a) These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form Interrogatories—Limited Civil Cases (Economic Litigation) (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c) You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d) The interrogatories in section 16.0, Defendant's Contentions—Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e) Additional interrogatories may be attached.

**Sec. 3. Instructions to the Answering Party**

(a) An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____          _____
(DATE)                                    (SIGNATURE)
                                          MARVIN J. STRAUS, ESQ.

**Sec. 4. Definitions**

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) (Check one of the following):

[X] (1) **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Form Approved for Optional Use
Judicial Council of California
DISC-001 [Rev. January 1, 2007]
FORM INTERROGATORIES—GENERAL
Legal Solutions Plus
Page 1 of 8
Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710

☐ (2) **INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

(b) **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

(d) **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(e) **HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

(f) **ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0  Identity of Persons Answering These Interrogatories
2.0  General Background Information—Individual
3.0  General Background Information—Business Entity
4.0  Insurance
5.0  *[Reserved]*
6.0  Physical, Mental, or Emotional Injuries
7.0  Property Damage
8.0  Loss of Income or Earning Capacity
9.0  Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation — General
13.0 Investigation — Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form FI-128]*
101.0 Economic Litigation *[See separate form FI-129]*
200.0 Employment Law *[See separate form FI-130]*
        Family Law *[See separate form 1292.10]*

**1.0 Identity of Persons Answering These Interrogatories**

☒ 1.1 State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

**2.0 General Background Information—Individual**

☒ 2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

☒ 2.2 State the date and place of your birth.

☒ 2.3 At the time of the **INCIDENT**, did you have a driver's license? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☒ 2.4 At the time of the **INCIDENT**, did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☒ 2.5 State:
(a) your present residence **ADDRESS**;
(b) your residence **ADDRESSES** for the past five years; and
(c) the dates you lived at each **ADDRESS**.

☒ 2.6 State:
(a) the name, **ADDRESS**, and telephone number of your present employer or place of self-employment; and
(b) the name, **ADDRESS**, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☒ 2.7 State:
(a) the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

☒ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

☒ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☒ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

**FORM INTERROGATORIES—GENERAL**

[X] 2.11 At the time of the INCIDENT were you acting as an agent or employee for any PERSON? If so, state:

(a) the name, ADDRESS, and telephone number of that PERSON; and

(b) a description of your duties.

[X] 2.12 At the time of the INCIDENT did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the INCIDENT? If so, for each person state:

(a) the name, ADDRESS, and telephone number;

(b) the nature of the disability or condition; and

(c) the manner in which the disability or condition contributed to the occurrence of the INCIDENT.

[X] 2.13 Within 24 hours before the INCIDENT did you or any person involved in the INCIDENT use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:

(a) the name, ADDRESS, and telephone number;

(b) the nature or description of each substance;

(c) the quantity of each substance used or taken;

(d) the date and time of day when each substance was used or taken;

(e) the ADDRESS where each substance was used or taken;

(f) the name, ADDRESS, and telephone number of each person who was present when each substance was used or taken; and

(g) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

### 3.0 General Background Information — Business Entity

[ ] 3.1 Are you a corporation? If so, state:

(a) the name stated in the current articles of incorporation;

(b) all other names used by the corporation during the past 10 years and the dates each was used;

(c) the date and place of incorporation;

(d) the ADDRESS of the principal place of business; and

(e) whether you are qualified to do business in California.

[ ] 3.2 Are you a partnership? If so, state:

(a) the current partnership name;

(b) all other names used by the partnership during the past 10 years and the dates each was used;

(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;

(d) the name and ADDRESS of each general partner; and

(e) the ADDRESS of the principal place of business.

[ ] 3.3 Are you a limited liability company? If so, state:

(a) the name stated in the current articles of organization;

(b) all other names used by the company during the past 10 years and the date each was used;

(c) the date and place of filing of the articles of organization;

(d) the ADDRESS of the principal place of business; and

(e) whether you are qualified to do business in California.

[ ] 3.4 Are you a joint venture? If so, state:

(a) the current joint venture name;

(b) all other names used by the joint venture during the past 10 years and the dates each was used;

(c) the name and ADDRESS of each joint venturer; and

(d) the ADDRESS of the principal place of business.

[ ] 3.5 Are you an unincorporated association? If so, state:

(a) the current unincorporated association name;

(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and

(c) the ADDRESS of the principal place of business.

[ ] 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:

(a) the name;

(b) the dates each was used;

(c) the state and county of each fictitious name filing; and

(d) the ADDRESS of the principal place of business.

[ ] 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:

(a) identify the license or registration;

(b) state the name of the public entity; and

(c) state the dates of issuance and expiration.

### 4.0 Insurance

[X] 4.1 At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the INCIDENT? If so, for each policy state:

(a) the kind of coverage;

(b) the name and ADDRESS of the insurance company;

(c) the name, ADDRESS, and telephone number of each named insured;

(d) the policy number;

(e) the limits of coverage for each type of coverage contained in the policy;

(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and

(g) the name, ADDRESS, and telephone number of the custodian of the policy.

[X] 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the INCIDENT? If so, specify the statute.

### 5.0 [Reserved]

### 6.0 Physical, Mental, or Emotional Injuries

[X] 6.1 Do you attribute any physical, mental, or emotional injuries to the INCIDENT? (If your answer is "no," do not answer interrogatories 6.2 through 6.7).

[X] 6.2 Identify each injury you attribute to the INCIDENT and the area of your body affected.

DISC-001

[X] 6.3 Do you still have any complaints that you attribute to the **INCIDENT**? If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

[X] 6.4 Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT**? If so, for each **HEALTH CARE PROVIDER** state:
(a) the name, **ADDRESS**, and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

[X] 6.5 Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT**? If so, for each medication state:
(a) the name;
(b) the **PERSON** who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

[X] 6.6 Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, **ADDRESS**, and telephone number of each provider.

[X] 6.7 Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT**? If so, for each injury state:
(a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER**;
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

**7.0    Property Damage**

[X] 7.1 Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT**? If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;
(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, **ADDRESS**, and telephone number of the seller, the date of sale, and the sale price.

[X] 7.2 Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, **ADDRESS**, and telephone number of the **PERSON** who prepared it and the date prepared;
(b) the name, **ADDRESS**, and telephone number of each **PERSON** who has a copy of it; and
(c) the amount of damage stated.

[X] 7.3 Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, **ADDRESS**, and telephone number of the **PERSON** who repaired it;
(e) the name, **ADDRESS**, and telephone number of the **PERSON** who paid for the repair.

**8.0    Loss of Income or Earning Capacity**

[X] 8.1 Do you attribute any loss of income or earning capacity to the **INCIDENT**? *(If your answer is "no," do not answer interrogatories 8.2 through 8.8).*

[X] 8.2 State:
(a) the nature of your work;
(b) your job title at the time of the **INCIDENT**; and
(c) the date your employment began.

[X] 8.3 State the last date before the **INCIDENT** that you worked for compensation.

[X] 8.4 State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

[X] 8.5 State the date you returned to work at each place of employment following the **INCIDENT**.

[X] 8.6 State the dates you did not work and for which you lost income as a result of the **INCIDENT**.

[X] 8.7 State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

[X] 8.8 Will you lose income in the future as a result of the **INCIDENT**? If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

**9.0 Other Damages**

[ X ]  9.1    Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:
(a)  the nature;
(b)  the date it occurred;
(c)  the amount; and
(d)  the name, **ADDRESS**, and telephone number of each **PERSON** to whom an obligation was incurred.

[ X ]  9.2    Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT.**

**10.0 Medical History**

[ X ]  10.1    At any time before the INCIDENT did you have complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT? If so, for each state:
(a)  a description of the complaint or injury;
(b)  the dates it began and ended; and
(c)  the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

[ X ]  10.2    List all physical, mental, and emotional disabilities you had immediately before the INCIDENT. *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

[ X ]  10.3    At any time after the INCIDENT, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:
(a)  the date and the place it occurred;
(b)  the name, **ADDRESS**, and telephone number of any other **PERSON** involved;
(c)  the nature of any injuries you sustained;
(d)  the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e)  the nature of the treatment and its duration.

**11.0 Other Claims and Previous Claims**

[ X ]  11.1    Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:
(a)  the date, time, and place and location (closest street **ADDRESS** or intersection) of the INCIDENT giving rise to the action, claim, or demand;
(b)  the name, **ADDRESS**, and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c)  the court, names of the parties, and case number of any action filed;
(d)  the name, **ADDRESS**, and telephone number of any attorney representing you;
(e)  whether the claim or action has been resolved or is pending; and
(f)  a description of the injury.

[ X ]  11.2    In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a)  the date, time, and place of the INCIDENT giving rise to the claim;
(b)  the name, **ADDRESS**, and telephone number of your employer at the time of the injury;
(c)  the name, **ADDRESS**, and telephone number of the workers' compensation insurer and the claim number;
(d)  the period of time during which you received workers' compensation benefits;
(e)  a description of the injury;
(f)  the name, **ADDRESS**, and telephone number of any **HEALTH CARE PROVIDER** who provided services; and
(g)  the case number at the Workers' Compensation Appeals Board.

**12.0 Investigation—General**

[ X ]  12.1    State the name, **ADDRESS**, and telephone number of each individual:
(a)  who witnessed the INCIDENT or the events occurring immediately before or after the INCIDENT;
(b)  who made any statement at the scene of the INCIDENT;
(c)  who heard any statements made about the INCIDENT by any individual at the scene; and
(d)  who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the INCIDENT (except for expert witnesses covered by Code of Civil Procedure section 2034).

[ X ]  12.2    Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the INCIDENT? If so, for each individual state:
(a)  the name, **ADDRESS**, and telephone number of the individual interviewed;
(b)  the date of the interview; and
(c)  the name, **ADDRESS**, and telephone number of the **PERSON** who conducted the interview.

[ X ]  12.3    Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the INCIDENT? If so, for each statement state:
(a)  the name, **ADDRESS**, and telephone number of the individual from whom the statement was obtained;
(b)  the name, **ADDRESS**, and telephone number of the individual who obtained the statement;
(c)  the date the statement was obtained; and
(d)  the name, **ADDRESS**, and telephone number of each **PERSON** who has the original statement or a copy.

DISC-001

[X] 12.4 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:
(a) the number of photographs or feet of film or videotape;
(b) the places, objects, or persons photographed, filmed, or videotaped;
(c) the date the photographs, films, or videotapes were taken;
(d) the name, **ADDRESS**, and telephone number of the individual taking the photographs, films, or videotapes; and
(e) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

[X] 12.5 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310) concerning the **INCIDENT**? If so, for each item state:
(a) the type (i.e., diagram, reproduction, or model);
(b) the subject matter; and
(c) the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

[X] 12.6 Was a report made by any **PERSON** concerning the **INCIDENT**? If so, state:
(a) the name, title, identification number, and employer of the **PERSON** who made the report;
(b) the date and type of report made;
(c) the name, **ADDRESS**, and telephone number of the **PERSON** for whom the report was made; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the report.

[X] 12.7 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT**? If so, for each inspection state:
(a) the name, **ADDRESS**, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and
(b) the date of the inspection.

## 13.0  Investigation—Surveillance

[X] 13.1 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:
(a) the name, **ADDRESS**, and telephone number of the individual or party;
(b) the time, date, and place of the surveillance;
(c) the name, **ADDRESS**, and telephone number of the individual who conducted the surveillance; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

[X] 13.2 Has a written report been prepared on the surveillance? If so, for each written report state:
(a) the title;
(b) the date;
(c) the name, **ADDRESS**, and telephone number of the individual who prepared the report; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy.

## 14.0  Statutory or Regulatory Violations

[X] 14.1 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT**? If so, identify the name, **ADDRESS**, and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

[X] 14.2 Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT**? If so, for each **PERSON** state:
(a) the name, **ADDRESS**, and telephone number of the **PERSON**;
(b) the statute, ordinance, or regulation allegedly violated;
(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and
(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

## 15.0  Denials and Special or Affirmative Defenses

[ ] 15.1 Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:
(a) state all facts upon which you base the denial or special or affirmative defense;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

## 16.0  Defendant's Contentions—Personal Injury

[ ] 16.1 Do you contend that any **PERSON**, other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON**:
(a) state the name, **ADDRESS**, and telephone number of the **PERSON**;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[ ] 16.2 Do you contend that plaintiff was not injured in the **INCIDENT**? If so:
(a) state all facts upon which you base your contention;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

DISC-001

16.3  Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the INCIDENT? If so, for each injury:
(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.4  Do you contend that any of the services furnished by any HEALTH CARE PROVIDER claimed by plaintiff in discovery proceedings thus far in this case were not due to the INCIDENT? If so:
(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.5  Do you contend that any of the costs of services furnished by any HEALTH CARE PROVIDER claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:
(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.6  Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the INCIDENT? If so:
(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.7  Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the INCIDENT? If so:
(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.8  Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:
(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.9  Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the INCIDENT by a plaintiff in this case? If so, for each plaintiff state:
(a) the source of each DOCUMENT;
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

16.10  Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a HEALTH CARE PROVIDER not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:
(a) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER;
(b) a description of each DOCUMENT; and
(c) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**17.0  Responses to Request for Admissions**

[X]  17.1  Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:
(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and
(d) identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

**18.0**  *[Reserved]*

**19.0**  *[Reserved]*

**20.0  How the Incident Occurred—Motor Vehicle**

[X]  20.1  State the date, time, and place of the INCIDENT (closest street ADDRESS or intersection).

[X]  20.2  For each vehicle involved in the INCIDENT, state:
(a) the year, make, model, and license number;
(b) the name, ADDRESS, and telephone number of the driver;

(c) the name, **ADDRESS**, and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS**, and telephone number of each registered owner;

(e) the name, **ADDRESS**, and telephone number of each lessee;

(f) the name, **ADDRESS**, and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

[ X ]  **20.3** State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

[ X ]  **20.4** Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT**, and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT**.

[ ]  **20.5** State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT**.

[ ]  **20.6** Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

[ ]  **20.7** Was there a traffic signal facing you at the time of the **INCIDENT**? If so, state:

(a) your location when you first saw it;

(b) the color;

(c) the number of seconds it had been that color; and

(d) whether the color changed between the time you first saw it and the **INCIDENT**.

[ ]  **20.8** State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:

(a) just before the **INCIDENT**;

(b) at the time of the **INCIDENT**; and

(c) just after the **INCIDENT**.

[ ]  **20.9** Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**?  If so:

(a) identify the vehicle;

(b) identify each malfunction or defect;

(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

[ ]  **20.10** Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT**? If so:

(a) identify the vehicle;

(b) identify each malfunction or defect;

(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

[ X ]  **20.11** State the name, **ADDRESS**, and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT**.

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0  Contract**

[ ]  **50.1**  For each agreement alleged in the pleadings:

(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;

(b) state each part of the agreement not in writing, the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;

(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;

(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;

(e) state each modification not in writing, the date, and the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;

(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

[ ]  **50.2**  Was there a breach of any agreement alleged in the pleadings?  If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

[ ]  **50.3**  Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

[ ]  **50.4**  Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation?  If so, identify each agreement terminated, the date of termination, and the basis of the termination.

[ ]  **50.5**  Is any agreement alleged in the pleadings unenforceable?  If so, identify each unenforceable agreement and state why it is unenforceable.

[ ]  **50.6**  Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is 505 N. Brand Blvd., Suite 810, Glendale, California  91203

On **March 15, 2008,** I served on the parties of record in this action the foregoing document described as: **FORM INTERROGATORIES TO PLAINTIFF, SET ONE** by placing the _____ original __xxxx__ true copies thereof enclosed in sealed envelopes addressed as follows:

*PLEASE SEE*

*ATTACHED SERVICE LIST*

[X]    **BY MAIL - as follows:**    I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY ELECTRONIC MAIL -** to All parties.

[ ]    **BY PERSONAL SERVICE -** I delivered such envelope by hand to the offices of the addressee(s).

[ ]    **BY FACSIMILE TRANSMISSION -** I caused to be served by facsimile transmission at _____ a.m./p.m. at the following facsimile machine telephone number:

[X]    **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March 15, 2008,** at Glendale, California.

_____
MIMI YAN

130-003.03(MJS)

-1-

1

## PROOF OF SERVICE
## MAILING LIST

2

3    John H. Gomez, Esq.
     Maria F. Palmieri, Esq.
4    **The Gomez Law Firm**
     625 Broadway, Suite 600
5    San Diego, CA  92101
     Tel: (619) 237-3490
6    Fax: (619) 237-3496
     *Attorneys for Plaintiffs, RYAN BALDWIN and JAYCE BALDWIN*
7

     John R. Clifford, Esq.
8    Gregory D. Hagen, Esq.
     Drath, Clifford, Murphy and Hagan
9    600 B Street, Suite 1550
     San Diego, CA  92101
10   Tel: (619) 595-3060
     Fax: (619) 595-3066
11   *Attorneys for Defendants, Kevin Chang Hua erroneously sued as Kevin Hua Chang; Tony Hua*
     *erroneously sued as Chang Hua; Winnice Chang erroneously sued as Winnis Hua*
12

     Randall W. Kaler Esq.
13   Gilbert, Kelly, Crowley & Jennett LLP
     750 B. Street Suite 2600
14   San Diego, CA  92101
     Tel: (619) 687-3000
15   Fax: (619) 687-3100
     *Attorneys for Defendants, James Bui & Mai Vu*
16

     Thanh Kim Nguyen
17   *Defendant In Propria Persona*
     10534 Parkdale Ave.
18   San Diego, CA  92126
     Tel: (858) 610-4756
19

     Robert Tan Nguyen, Esq.
20   Law Offices of Robert T. Nguyen
     10495 Bolsa Ave, Suite 206
21   Westminster, CA  92683
     Tel: (714) 839-3991
22   Fax: (714) 839-3978
     *Attorneys for Defendant, Xuan Phong Vu*
23

24

25

26

27

28

-2-

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, Sta... Bar number, and address):* |
|---|
| MARVIN J. STRAUS, ESQ. (SBN#199315)<br>PARKER RAINSBURY STRAUS, LLP<br>401 West A Street<br>Suite 1715<br>San Diego, CA 92101 |

TELEPHONE NO.: (619) 702-7660
FAX NO. *(Optional)*: (619) 702-8544
E-MAIL ADDRESS *(Optional)*: mjs@parkerllp.com
ATTORNEY FOR *(Name)*: Defs, Binh Huu Nguyen, Diane Hoa Nguyen and James A. Nguyen

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
SAN DIEGO SUPERIOR COURT
CENTRAL DIVISION - Hall of Justice

SHORT TITLE OF CASE: RYAN BALDWIN, ET AL. V. CHRISTOPHER A. BUI, ET AL.

| FORM INTERROGATORIES—GENERAL | CASE NUMBER: |
|---|---|
| Asking Party: Defendant, James A. Nguyen<br><br>Answering Party: Plaintiff, Jayce Baldwin<br>Set No.: One | 37-2007-00081572-CU-PO-CTL |

## Sec. 1.  Instructions to All Parties

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010-2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

## Sec. 2.  Instructions to the Asking Party

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, *Form Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions—Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

## Sec. 3.  Instructions to the Answering Party

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

*(DATE)*                                  *(SIGNATURE)*
                                          MARVIN J. STRAUS, ESQ.

## Sec. 4.  Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a)  *(Check one of the following):*

[ X ]  (1)  **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Page 1 of 8

**FORM INTERROGATORIES—GENERAL**

Legal
Solutions
Plus

Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710

☐ (2) **INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

(b) **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

(d) **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(e) **HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

(f) **ADDRESS** means the street address, including the city, state, and zip code.

### Sec. 5. Interrogatories

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

### CONTENTS

1.0  Identity of Persons Answering These Interrogatories
2.0  General Background Information—Individual
3.0  General Background Information—Business Entity
4.0  Insurance
5.0  *[Reserved]*
6.0  Physical, Mental, or Emotional Injuries
7.0  Property Damage
8.0  Loss of Income or Earning Capacity
9.0  Other Damages
10.0  Medical History
11.0  Other Claims and Previous Claims
12.0  Investigation — General
13.0  Investigation — Surveillance
14.0  Statutory or Regulatory Violations
15.0  Denials and Special or Affirmative Defenses
16.0  Defendant's Contentions Personal Injury
17.0  Responses to Request for Admissions
18.0  *[Reserved]*
19.0  *[Reserved]*
20.0  How the Incident Occurred—Motor Vehicle
25.0  *[Reserved]*
30.0  *[Reserved]*
40.0  *[Reserved]*
50.0  Contract
60.0  *[Reserved]*
70.0  Unlawful Detainer *[See separate form FI-128]*
101.0  Economic Litigation *[See separate form FI-129]*
200.0  Employment Law *[See separate form FI-130]*
      Family Law *[See separate form 1292.10]*

### 1.0  Identity of Persons Answering These Interrogatories

☒ 1.1 State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

### 2.0  General Background Information—Individual

☒ 2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

☒ 2.2 State the date and place of your birth.

☒ 2.3 At the time of the **INCIDENT**, did you have a driver's license? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☒ 2.4 At the time of the **INCIDENT**, did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☒ 2.5 State:
(a) your present residence **ADDRESS**;
(b) your residence **ADDRESSES** for the past five years; and
(c) the dates you lived at each **ADDRESS**.

☒ 2.6 State:
(a) the name, **ADDRESS**, and telephone number of your present employer or place of self-employment; and
(b) the name, **ADDRESS**, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☒ 2.7 State:
(a) the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

☒ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

☒ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☒ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

DISC-001

[X] 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON**? If so, state:
  (a)  the name, **ADDRESS**, and telephone number of that **PERSON**; and
  (b)  a description of your duties.

[X] 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT**? If so, for each person state:
  (a)  the name, **ADDRESS**, and telephone number;
  (b)  the nature of the disability or condition; and
  (c)  the manner in which the disability or condition contributed to the occurrence of the **INCIDENT**.

[X] 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
  (a)  the name, **ADDRESS**, and telephone number;
  (b)  the nature or description of each substance;
  (c)  the quantity of each substance used or taken;
  (d)  the date and time of day when each substance was used or taken;
  (e)  the **ADDRESS** where each substance was used or taken;
  (f)  the name, **ADDRESS**, and telephone number of each person who was present when each substance was used or taken; and
  (g)  the name, **ADDRESS**, and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

## 3.0 General Background Information — Business Entity

[ ] 3.1 Are you a corporation? If so, state:
  (a)  the name stated in the current articles of incorporation;
  (b)  all other names used by the corporation during the past 10 years and the dates each was used;
  (c)  the date and place of incorporation;
  (d)  the **ADDRESS** of the principal place of business; and
  (e)  whether you are qualified to do business in California.

[ ] 3.2 Are you a partnership? If so, state:
  (a)  the current partnership name;
  (b)  all other names used by the partnership during the past 10 years and the dates each was used;
  (c)  whether you are a limited partnership and, if so, under the laws of what jurisdiction;
  (d)  the name and **ADDRESS** of each general partner; and
  (e)  the **ADDRESS** of the principal place of business.

[ ] 3.3 Are you a limited liability company? If so, state:
  (a)  the name stated in the current articles of organization;
  (b)  all other names used by the company during the past 10 years and the dates each was used;
  (c)  the date and place of filing of the articles of organization;
  (d)  the **ADDRESS** of the principal place of business; and
  (e)  whether you are qualified to do business in California.

[ ] 3.4 Are you a joint venture? If so, state:
  (a)  the current joint venture name;
  (b)  all other names used by the joint venture during the past 10 years and the dates each was used;
  (c)  the name and **ADDRESS** of each joint venturer; and
  (d)  the **ADDRESS** of the principal place of business.

[ ] 3.5 Are you an unincorporated association? If so, state:
  (a)  the current unincorporated association name;
  (b)  all other names used by the unincorporated association during the past 10 years and the dates each was used; and
  (c)  the **ADDRESS** of the principal place of business.

[ ] 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
  (a)  the name;
  (b)  the dates each was used;
  (c)  the state and county of each fictitious name filing; and
  (d)  the **ADDRESS** of the principal place of business.

[ ] 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
  (a)  identify the license or registration;
  (b)  state the name of the public entity; and
  (c)  state the dates of issuance and expiration.

## 4.0 Insurance

[X] 4.1 At the time of the **INCIDENT**, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT**? If so, for each policy state:
  (a)  the kind of coverage;
  (b)  the name and **ADDRESS** of the insurance company;
  (c)  the name, **ADDRESS**, and telephone number of each named insured;
  (d)  the policy number;
  (e)  the limits of coverage for each type of coverage contained in the policy;
  (f)  whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
  (g)  the name, **ADDRESS**, and telephone number of the custodian of the policy.

[X] 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT**? If so, specify the statute.

## 5.0 [Reserved]

## 6.0 Physical, Mental, or Emotional Injuries

[X] 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT**? (If your answer is "no," do not answer interrogatories 6.2 through 6.7).

[X] 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

[X] 6.3 Do you still have any complaints that you attribute to the **INCIDENT**? If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

[X] 6.4 Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT**? If so, for each **HEALTH CARE PROVIDER** state:
(a) the name, **ADDRESS**, and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

[X] 6.5 Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT**? If so, for each medication state:
(a) the name;
(b) the **PERSON** who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

[X] 6.6 Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, **ADDRESS**, and telephone number of each provider.

[X] 6.7 Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT**? If so, for each injury state:
(a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER**;
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

## 7.0  Property Damage

[X] 7.1 Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT**? If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, **ADDRESS**, and telephone number of the seller, the date of sale, and the sale price.

[X] 7.2 Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, **ADDRESS**, and telephone number of the **PERSON** who prepared it and the date prepared;
(b) the name, **ADDRESS**, and telephone number of each **PERSON** who has a copy of it; and
(c) the amount of damage stated.

[X] 7.3 Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, **ADDRESS**, and telephone number of the **PERSON** who repaired it;
(e) the name, **ADDRESS**, and telephone number of the **PERSON** who paid for the repair.

## 8.0  Loss of Income or Earning Capacity

[X] 8.1 Do you attribute any loss of income or earning capacity to the **INCIDENT**? *(If your answer is "no," do not answer interrogatories 8.2 through 8.8).*

[X] 8.2 State:
(a) the nature of your work;
(b) your job title at the time of the **INCIDENT**; and
(c) the date your employment began.

[X] 8.3 State the last date before the **INCIDENT** that you worked for compensation.

[X] 8.4 State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

[X] 8.5 State the date you returned to work at each place of employment following the **INCIDENT**.

[X] 8.6 State the dates you did not work and for which you lost income as a result of the **INCIDENT**.

[X] 8.7 State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

[X] 8.8 Will you lose income in the future as a result of the **INCIDENT**? If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

**9.0 Other Damages**

[X]  9.1    Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** to whom an obligation was incurred.

[X]  9.2    Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**10.0 Medical History**

[X]  10.1    At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT**? If so, for each state:
(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

[X]  10.2    List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT**. *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

[X]  10.3    At any time after the **INCIDENT**, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:
(a) the date and the place it occurred;
(b) the name, **ADDRESS**, and telephone number of any other **PERSON** involved;
(c) the nature of any injuries you sustained;
(d) the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

**11.0 Other Claims and Previous Claims**

[X]  11.1    Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:
(a) the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;
(b) the name, **ADDRESS**, and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;
(d) the name, **ADDRESS**, and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury.

[X]  11.2    In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a) the date, time, and place of the **INCIDENT** giving rise to the claim;
(b) the name, **ADDRESS**, and telephone number of your employer at the time of the injury;
(c) the name, **ADDRESS**, and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, **ADDRESS**, and telephone number of any **HEALTH CARE PROVIDER** who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

**12.0 Investigation—General**

[X]  12.1    State the name, **ADDRESS**, and telephone number of each individual:
(a) who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT**;
(b) who made any statement at the scene of the **INCIDENT**;
(c) who heard any statements made about the **INCIDENT** by any individual at the scene; and
(d) who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

[X]  12.2    Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT**? If so, for each individual state:
(a) the name, **ADDRESS**, and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, **ADDRESS**, and telephone number of the **PERSON** who conducted the interview.

[X]  12.3    Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT**? If so, for each statement state:
(a) the name, **ADDRESS**, and telephone number of the individual from whom the statement was obtained;
(b) the name, **ADDRESS**, and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original statement or a copy.

DISC-001

[X] 12.4  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:
(a) the number of photographs or feet of film or videotape;
(b) the places, objects, or persons photographed, filmed, or videotaped;
(c) the date the photographs, films, or videotapes were taken;
(d) the name, **ADDRESS**, and telephone number of the individual taking the photographs, films, or videotapes; and
(e) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

[X] 12.5  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310) concerning the **INCIDENT**? If so, for each item state:
(a) the type (i.e., diagram, reproduction, or model);
(b) the subject matter; and
(c) the name, **ADDRESS**, and telephone number of each · **PERSON** who has it.

[X] 12.6  Was a report made by any **PERSON** concerning the **INCIDENT**? If so, state:
(a) the name, title, identification number, and employer of the **PERSON** who made the report;
(b) the date and type of report made;
(c) the name, **ADDRESS**, and telephone number of the **PERSON** for whom the report was made; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the report.

[X] 12.7  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT**? If so, for each inspection state:
(a) the name, **ADDRESS**, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and
(b) the date of the inspection.

## 13.0  Investigation—Surveillance

[X] 13.1  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:
(a) the name, **ADDRESS**, and telephone number of the individual or party;
(b) the time, date, and place of the surveillance;
(c) the name, **ADDRESS**, and telephone number of the individual who conducted the surveillance; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

[X] 13.2  Has a written report been prepared on the surveillance? If so, for each written report state:
(a) the title;
(b) the date;
(c) the name, **ADDRESS**, and telephone number of the individual who prepared the report; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy.

## 14.0  Statutory or Regulatory Violations

[X] 14.1  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT**? If so, identify the name, **ADDRESS**, and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

[X] 14.2  Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT**? If so, for each **PERSON** state:
(a) the name, **ADDRESS**, and telephone number of the **PERSON**;
(b) the statute, ordinance, or regulation allegedly violated;
(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and
(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

## 15.0  Denials and Special or Affirmative Defenses

[ ] 15.1  Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:
(a) state all facts upon which you base the denial or special or affirmative defense;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

## 16.0  Defendant's Contentions—Personal Injury

[ ] 16.1  Do you contend that any **PERSON**, other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON**:
(a) state the name, **ADDRESS**, and telephone number of the **PERSON**;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[ ] 16.2  Do you contend that plaintiff was not injured in the **INCIDENT**? If so:
(a) state all facts upon which you base your contention;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.3  Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the INCIDENT? If so, for each injury:
(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.4  Do you contend that any of the services furnished by any HEALTH CARE PROVIDER claimed by plaintiff in discovery proceedings thus far in this case were not due to the INCIDENT? If so:
(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.5  Do you contend that any of the costs of services furnished by any HEALTH CARE PROVIDER claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:
(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.6  Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the INCIDENT? If so:
(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.7  Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the INCIDENT? If so:
(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.8  Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:
(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.9  Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the INCIDENT by a plaintiff in this case? If so, for each plaintiff state:
(a) the source of each DOCUMENT;
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

16.10 Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a HEALTH CARE PROVIDER not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:
(a) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER;
(b) a description of each DOCUMENT; and
(c) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**17.0  Responses to Request for Admissions**

[X] 17.1  Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:
(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and
(d) identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

**18.0** *[Reserved]*

**19.0** *[Reserved]*

**20.0  How the Incident Occurred—Motor Vehicle**

[X] 20.1  State the date, time, and place of the INCIDENT (closest street ADDRESS or intersection).

[X] 20.2  For each vehicle involved in the INCIDENT, state:
(a) the year, make, model, and license number;
(b) the name, ADDRESS, and telephone number of the driver;

DISC-001

(c) the name, **ADDRESS**, and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS**, and telephone number of each registered owner;

(e) the name, **ADDRESS**, and telephone number of each lessee;

(f) the name, **ADDRESS**, and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

[ X ] 20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

[ X ] 20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT**, and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT**.

[ ] 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT**.

[ ] 20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

[ ] 20.7 Was there a traffic signal facing you at the time of the **INCIDENT**? If so, state:

(a) your location when you first saw it;

(b) the color;

(c) the number of seconds it had been that color; and

(d) whether the color changed between the time you first saw it and the **INCIDENT**.

[ ] 20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:

(a) just before the **INCIDENT**;

(b) at the time of the **INCIDENT**; and

(c) just after the **INCIDENT**.

[ ] 20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**? If so:

(a) identify the vehicle;

(b) identify each malfunction or defect;

(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

[ ] 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT**? If so:

(a) identify the vehicle;

(b) identify each malfunction or defect;

(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

[ X ] 20.11 State the name, **ADDRESS**, and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT**.

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

[ ] 50.1 For each agreement alleged in the pleadings:

(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;

(b) state each part of the agreement not in writing, the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;

(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;

(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;

(e) state each modification not in writing, the date, and the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;

(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

[ ] 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

[ ] 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

[ ] 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

[ ] 50.5 Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

[ ] 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

1

## PROOF OF SERVICE

2    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is 505 N. Brand Blvd., Suite 810,

3    Glendale, California 91203

4    On **March 15, 2008,** I served on the parties of record in this action the foregoing document described as: **FORM INTERROGATORIES TO PLAINTIFF, SET ONE** by placing the

5    _____ original __xxxx__ true copies thereof enclosed in sealed envelopes addressed as follows:

6

7    *PLEASE SEE*

8    *ATTACHED SERVICE LIST*

9

10   [X]    **BY MAIL** - as follows:      I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited

11   with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party served,

12   service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13

14   [ ]    **BY ELECTRONIC MAIL** - to All parties.

15   [ ]    **BY PERSONAL SERVICE** - I delivered such envelope by hand to the offices of the addressee(s).

16   [ ]    **BY FACSIMILE TRANSMISSION** - I caused to be served by facsimile transmission at _____ a.m./p.m. at the following facsimile machine telephone number:

17

18   [X]    **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

19   Executed on **March 15, 2008,** at Glendale, California.

20

21

22

23                                                                MIMI YAN

24   130-003.03(MJS)

25

26

27

28

-1-

**PROOF OF SERVICE**
**MAILING LIST**

John H. Gomez, Esq.
Maria F. Palmieri, Esq.
**The Gomez Law Firm**
625 Broadway, Suite 600
San Diego, CA  92101
Tel:  (619) 237-3490
Fax: (619) 237-3496
*Attorneys for Plaintiffs, RYAN BALDWIN and JAYCE BALDWIN*

John R. Clifford, Esq.
Gregory D. Hagen, Esq.
Drath, Clifford, Murphy and Hagan
600 B Street, Suite 1550
San Diego, CA  92101
Tel: (619) 595-3060
Fax: (619) 595-3066
*Attorneys for Defendants, Kevin Chang Hua erroneously sued as Kevin Hua Chang; Tony Hua erroneously sued as Chang Hua; Winnice Chang erroneously sued as Winnis Hua*

Randall W. Kaler Esq.
Gilbert, Kelly, Crowley & Jennett LLP
750 B. Street Suite 2600
San Diego, CA  92101
Tel: (619) 687-3000
Fax: (619) 687-3100
*Attorneys for Defendants, James Bui & Mai Vu*

Thanh Kim Nguyen
*Defendant In Propria Persona*
10534 Parkdale Ave.
San Diego, CA  92126
Tel: (858) 610-4756

Robert Tan Nguyen, Esq.
Law Offices of Robert T. Nguyen
10495 Bolsa Ave, Suite 206
Westminster, CA  92683
Tel:  (714) 839-3991
Fax: (714) 839-3978
*Attorneys for Defendant, Xuan Phong Vu*

-2-

1  Marvin J. Straus, Esq. (State Bar No. 199315)
   PARKER RAINSBURY STRAUS, LLP
2  401 West A Street, Suite 1715
   San Diego, California  92101
3  Telephone: (619) 702-7660
   Facsimile:  (619) 702-8544
4  Attorneys for Defendants/Cross-Complainants,
   BINH HUU NGUYEN and DIANE HOA NGUYEN,
5  erroneously sued as DIANE HOA, and
   JAMES A. NGUYEN

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SAN DIEGO - CENTRAL (HALL OF JUSTICE)

10

11  RYAN BALDWIN, an individual; and JAYCE    )   Case No.:37-2007-00081572-CU-PO-CTL
    BALDWIN, an individual,                   )
12                                            )   *(Unlimited Civil)*
                    Plaintiffs,               )
13                                            )   Assigned for All purposes to:
    vs.                                       )   Hon. Ronald S. Prager, Dept. C-71
14                                            )
    CHRISTOPHER A. BUI, an individual;        )   **DEFENDANT, JAMES A. NGUYEN'S**
15  JAMES A. NGUYEN, an individual; DAVID     )   **REQUEST FOR ADMISSIONS, SET**
    VAN TRAN, an individual; KEVIN HUA        )   **ONE**
16  CHANG, an individual; ROBERT PHAM, an     )
    individual; XUAN PHONG VU, an individual; )
17  TOMMY NGO, an individual; TAM THE         )   Complaint filed: 11/13/2007
    HUYNH, an individual; JAMES BUI, an       )
18  individual; MAI VU, an individual; BINH HUU )
    NGUYEN, an individual; DIANE HOA, an      )
19  individual; HAI HOANG LIEU, an individual; )
    HUYNH MUOI, an individual; RECELA L.      )
20  LAYON, an individual; MARY A. PHAM, an    )
    individual; THANH KIM NGUYEN, an          )
21  individual; and DOES 1 through 200, inclusive, )
                                              )
22                  Defendants.               )
    ──────────────────────────────────       )
23  BINH HUU NGUYEN and DIANE HOA            )
    NGUYEN,                                   )
24                                            )
                    Cross-Complainants,       )
25  vs.                                       )
                                              )
26  CHRISTOPHER A. BUI, DAVID VAN TRAN,      )
    KEVIN HUA CHANG, ROBERT PHAM,            )
27  XUAN PHONG VU, TOMMY NGO, TAM            )
    THE HUYNH, JAMES BUI, MAI VU, HAI        )
28  HOANG LIEU, HUYNH MUOI, RECELA L.        )

                                  -1-
    ─────────────────────────────────────────────────────────────────
    DEF., JAMES A. NGUYEN'S REQUEST FOR ADMISSIONS TO PLAINTIFF, RYAN BALDWIN, SET ONE

1  LAYON, MARY A. PHAM, AND THANH
   KIM NGUYEN, and ROES 1 through 100,      )
2  inclusive,                                )
                                             )
3                Cross-Defendants.           )
                                             )
4  _____ )

5  **PROPOUNDING PARTY: Defendant, JAMES A. NGUYEN**

6  **RESPONDING PARTY:    Plaintiff, RYAN BALDWIN**

7  **SET NO.:              One**

8

9       **TO PLAINTIFF, RYAN BALDWIN AND TO HIS ATTORNEYS OF RECORD**

10  **HEREIN:**

11       PURSUANT TO *Code of Civil Procedure*, Section 2033.010, Defendant, JAMES A.

12  NGUYEN, requests that Plaintiff, RYAN BALDWIN, respond to the REQUEST FOR

13  ADMISSIONS, Set One, within thirty (30) days from the date of service thereof.

14

15                          **DEFINITIONS**

16       The term **"YOU"** or **"YOUR"** will be defined as:  you, your agents, your employees, your

17  insurance companies, their agents, their employees, your attorneys, your accountants, your

18  investigators, and anyone else acting on your benefit.

19       The term **"INCIDENT"** will be defined as:  the shooting incident which occurred on April

20  28, 2006 and subject of the above-captioned lawsuit.

21       The term **"NGUYEN"** refers to the defendant in the above-captioned lawsuit, James Nguyen.

22       The term **"TRAN"** refers to the defendant in the above-captioned lawsuit, David Tran.

23       The term **"TOYOTA"** will be defined as the 1998 Toyota Camry owned by James N. Bui

24  and Mai Vu and driven by Christopher Bui on or about April 29, 2006 at 1:39 a.m.

25       The term **"HONDA"** will be defined as the 1998 Honda Accord owned by Mary A. Pham

26  and driven by Robert Pham on or about April 29, 2006 at 1:39 a.m.

27       The term **"GUN"** will be defined as the silver Kimber .40 caliber semi-automatic handgun

28  that was fired into a Land Rover sports utility vehicle being driven by Jayce Baldwin on or about

-2-

April 29, 2006 at 1:39 a.m.

## ADMISSIONS

Requesting party, JAMES A. NGUYEN, requests YOU admit the truth of the following matters of fact:

1.   NGUYEN was not in the TOYOTA at the time of the INCIDENT.

2.   NGUYEN was not in the HONDA at the time of the INCIDENT.

3.   NGUYEN did not fire the GUN at the time of the INCIDENT.

4.   NGUYEN did not participate in the INCIDENT.

5.   TRAN was in the TOYOTA at the time of the INCIDENT.

6.   TRAN fired the GUN at the time of the INCIDENT

7.   NGUYEN'S DNA was not found on the GUN.

DATED: March 14, 2008                    PARKER RAINSBURY STRAUS, LLP

By _Leslie M. Dinwoodie for_
MARVIN J. STRAUS, ESQ.
Attorneys for Defendants/Cross-Complainants,
BINH HUU NGUYEN, DIANE HOA NGUYEN,
erroneously sued as DIANE HOA, and
JAMES A. NGUYEN

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is 505 N. Brand Blvd., Suite 810, Glendale, California  91203

On **March  15 , 2008**, I served on the parties of record in this action the foregoing document described as: **DEFENDANT, JAMES A. NGUYEN'S REQUEST FOR ADMISSIONS, SET ONE** by placing the _____ original __ xxxx __true copies thereof enclosed in sealed envelopes addressed as follows:

*PLEASE SEE*

*ATTACHED SERVICE LIST*

[X]    **BY MAIL** - as follows:    I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY ELECTRONIC MAIL** - to All parties.

[ ]    **BY PERSONAL SERVICE** - I delivered such envelope by hand to the offices of the addressee(s).

[ ]    **BY FACSIMILE TRANSMISSION** - I caused to be served by facsimile transmission at _____ a.m./p.m. at the following facsimile machine telephone number:

[X]    **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March  15 , 2008**, at Glendale, California.

_____
MIMI YAN

130-003.03(MJS)

-4-

**PROOF OF SERVICE**
**MAILING LIST**

John H. Gomez, Esq.
Maria F. Palmieri, Esq.
**The Gomez Law Firm**
625 Broadway, Suite 600
San Diego, CA  92101
Tel:  (619) 237-3490
Fax: (619) 237-3496
*Attorneys for Plaintiffs, RYAN BALDWIN and JAYCE BALDWIN*

John R. Clifford, Esq.
Gregory D. Hagen, Esq.
Drath, Clifford, Murphy and Hagan
600 B Street, Suite 1550
San Diego, CA  92101
Tel: (619) 595-3060
Fax: (619) 595-3066
*Attorneys for Defendants, Kevin Chang Hua erroneously sued as Kevin Hua Chang; Tony Hua erroneously sued as Chang Hua; Winnice Chang erroneously sued as Winnis Hua*

Randall W. Kaler Esq.
Gilbert, Kelly, Crowley & Jennett LLP
750 B. Street Suite 2600
San Diego, CA  92101
Tel: (619) 687-3000
Fax: (619) 687-3100
*Attorneys for Defendants, James Bui & Mai Vu*

Thanh Kim Nguyen
*Defendant In Propria Persona*
10534 Parkdale Ave.
San Diego, CA  92126
Tel: (858) 610-4756

Robert Tan Nguyen, Esq.
Law Offices of Robert T. Nguyen
10495 Bolsa Ave, Suite 206
Westminster, CA  92683
Tel:  (714) 839-3991
Fax: (714) 839-3978
*Attorneys for Defendant, Xuan Phong Vu*

-5-

1  Marvin J. Straus, Esq. (State Bar No. 199315)
   PARKER RAINSBURY STRAUS, LLP
2  401 West A Street, Suite 1715
   San Diego, California  92101
3  Telephone: (619) 702-7660
   Facsimile: (619) 702-8544
4  Attorneys for Defendants/Cross-Complainants,
   BINH HUU NGUYEN and DIANE HOA NGUYEN,
5  erroneously sued as DIANE HOA, and
   JAMES A. NGUYEN
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             COUNTY OF SAN DIEGO - CENTRAL (HALL OF JUSTICE)

10

| | |
|---|---|
| 11  RYAN BALDWIN, an individual; and JAYCE BALDWIN, an individual, | Case No.:37-2007-00081572-CU-PO-CTL |
| 12 | *(Unlimited Civil)* |
| 13  Plaintiffs, | Assigned for All purposes to: |
| 14  vs. | Hon. Ronald S. Prager, Dept. C-71 |
| 15  CHRISTOPHER A. BUI, an individual; JAMES A. NGUYEN, an individual; DAVID VAN TRAN, an individual; KEVIN HUA | **DEFENDANT, JAMES A. NGUYEN'S REQUEST FOR ADMISSIONS, SET ONE** |
| 16  CHANG, an individual; ROBERT PHAM, an individual; XUAN PHONG VU, an individual; | |
| 17  TOMMY NGO, an individual; TAM THE HUYNH, an individual; JAMES BUI, an | Complaint filed: 11/13/2007 |
| 18  individual; MAI VU, an individual; BINH HUU NGUYEN, an individual; DIANE HOA, an | |
| 19  individual; HAI HOANG LIEU, an individual; HUYNH MUOI, an individual; RECELA L. | |
| 20  LAYON, an individual; MARY A. PHAM, an individual; THANH KIM NGUYEN, an | |
| 21  individual; and DOES 1 through 200, inclusive, | |
| 22  Defendants. | |
| 23  BINH HUU NGUYEN and DIANE HOA NGUYEN, | |
| 24 | |
| 25  Cross-Complainants, vs. | |
| 26  CHRISTOPHER A. BUI, DAVID VAN TRAN, KEVIN HUA CHANG, ROBERT PHAM, | |
| 27  XUAN PHONG VU, TOMMY NGO, TAM THE HUYNH, JAMES BUI, MAI VU, HAI | |
| 28  HOANG LIEU, HUYNH MUOI, RECELA L. | |

-1-

1   LAYON, MARY A. PHAM, AND THANH        )
    KIM NGUYEN, and ROES 1 through 100,   )
2   inclusive,                            )
                                          )
3              Cross-Defendants.          )
                                          )
4   _____  )

5   **PROPOUNDING PARTY: Defendant, JAMES A. NGUYEN**

6   **RESPONDING PARTY:    Plaintiff, JAYCE BALDWIN**

7   **SET NO.:              One**

8

9        **TO PLAINTIFF, JAYCE BALDWIN AND TO HIS ATTORNEYS OF RECORD**

10  **HEREIN:**

11       PURSUANT TO *Code of Civil Procedure*, Section 2033.010, Defendant, JAMES A.

12  NGUYEN, requests that Plaintiff, JAYCE BALDWIN, respond to the REQUEST FOR

13  ADMISSIONS, Set One, within thirty (30) days from the date of service thereof.

14

15                            **DEFINITIONS**

16       The term **"YOU"** or **"YOUR"** will be defined as:  you, your agents, your employees, your

17  insurance companies, their agents, their employees, your attorneys, your accountants, your

18  investigators, and anyone else acting on your benefit.

19       The term **"INCIDENT"** will be defined as:  the shooting incident which occurred on April

20  28, 2006 and subject of the above-captioned lawsuit.

21       The term **"NGUYEN"** refers to the defendant in the above-captioned lawsuit, James Nguyen.

22       The term **"TRAN"** refers to the defendant in the above-captioned lawsuit, David Tran.

23       The term **"TOYOTA"** will be defined as the 1998 Toyota Camry owned by James N. Bui

24  and Mai Vu and driven by Christopher Bui on or about April 29, 2006 at 1:39 a.m.

25       The term **"HONDA"** will be defined as the 1998 Honda Accord owned by Mary A. Pham

26  and driven by Robert Pham on or about April 29, 2006 at 1:39 a.m.

27       The term **"GUN"** will be defined as the silver Kimber .40 caliber semi-automatic handgun

28  that was fired into a Land Rover sports utility vehicle being driven by Jayce Baldwin on or about

                                    -2-

1    April 29, 2006 at 1:39 a.m.

2

3                                    **ADMISSIONS**

4         Requesting party, JAMES A. NGUYEN, requests YOU admit the truth of the following

5    matters of fact:

6    1.    NGUYEN was not in the TOYOTA at the time of the INCIDENT.

7    2.    NGUYEN was not in the HONDA at the time of the INCIDENT.

8    3.    NGUYEN did not fire the GUN at the time of the INCIDENT.

9    4.    NGUYEN did not participate in the INCIDENT.

10   5.    TRAN was in the TOYOTA at the time of the INCIDENT.

11   6.    TRAN fired the GUN at the time of the INCIDENT

12   7.    NGUYEN'S DNA was not found on the GUN.

13

14   DATED: March 4, 2008                PARKER RAINSBURY STRAUS, LLP

15

16                                       By: _Leslie HP Dinucelie_____

17                                       MARVIN J. STRAUS, ESQ.
                                         Attorneys for Defendants/Cross-Complainants,
                                         BINH HUU NGUYEN, DIANE HOA NGUYEN,
18                                       erroneously sued as DIANE HOA, and
                                         JAMES A. NGUYEN
19

20

21

22

23

24

25

26

27

28

                                       -3-

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is 505 N. Brand Blvd., Suite 810, Glendale, California  91203

On **March   15 , 2008**, I served on the parties of record in this action the foregoing document described as: **DEFENDANT, JAMES A. NGUYEN'S REQUEST FOR ADMISSIONS, SET ONE** by placing the _____ original ___xxxx___ true copies thereof enclosed in sealed envelopes addressed as follows:

*PLEASE SEE*

*ATTACHED SERVICE LIST*

[X]    **BY MAIL** - as follows:      I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY ELECTRONIC MAIL** - to All parties.

[ ]    **BY PERSONAL SERVICE** - I delivered such envelope by hand to the offices of the addressee(s).

[ ]    **BY FACSIMILE TRANSMISSION** - I caused to be served by facsimile transmission at _____ a.m./p.m. at the following facsimile machine telephone number:

[X]    **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March   15 , 2008**, at Glendale, California.

_____
MIMI YAN

130-003.03(MJS)

-4-

## PROOF OF SERVICE
## MAILING LIST

John H. Gomez, Esq.
Maria F. Palmieri, Esq.
**The Gomez Law Firm**
625 Broadway, Suite 600
San Diego, CA  92101
Tel:  (619) 237-3490
Fax: (619) 237-3496
*Attorneys for Plaintiffs, RYAN BALDWIN and JAYCE BALDWIN*

John R. Clifford, Esq.
Gregory D. Hagen, Esq.
Drath, Clifford, Murphy and Hagan
600 B Street, Suite 1550
San Diego, CA  92101
Tel: (619) 595-3060
Fax: (619) 595-3066
*Attorneys for Defendants, Kevin Chang Hua erroneously sued as Kevin Hua Chang; Tony Hua erroneously sued as Chang Hua; Winnice Chang erroneously sued as Winnis Hua*

Randall W. Kaler Esq.
Gilbert, Kelly, Crowley & Jennett LLP
750 B. Street Suite 2600
San Diego, CA  92101
Tel: (619) 687-3000
Fax: (619) 687-3100
*Attorneys for Defendants, James Bui & Mai Vu*

Thanh Kim Nguyen
*Defendant In Propria Persona*
10534 Parkdale Ave.
San Diego, CA  92126
Tel: (858) 610-4756

Robert Tan Nguyen, Esq.
Law Offices of Robert T. Nguyen
10495 Bolsa Ave, Suite 206
Westminster, CA  92683
Tel:  (714) 839-3991
Fax: (714) 839-3978
*Attorneys for Defendant, Xuan Phong Vu*

-5-

1   Marvin J. Straus, Esq. (State Bar No. 199315)
    PARKER RAINSBURY STRAUS, LLP
2   401 West A Street, Suite 1715
    San Diego, California 92101
3   Telephone: (619) 702-7660
    Facsimile: (619) 702-8544
4   Attorneys for Defendants/Cross-Complainants,
    BINH HUU NGUYEN and DIANE HOA NGUYEN,
5   erroneously sued as DIANE HOA, and
    JAMES A. NGUYEN
6

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  COUNTY OF SAN DIEGO - CENTRAL (HALL OF JUSTICE)

10

11  RYAN BALDWIN, an individual; and JAYCE ) Case No.:37-2007-00081572-CU-PO-CTL
    BALDWIN, an individual,                )
12                                         ) *(Unlimited Civil)*
                 Plaintiffs,               )
13                                         ) Assigned for All purposes to:
    vs.                                    ) Hon. Ronald S. Prager, Dept. C-71
14                                         )
    CHRISTOPHER A. BUI, an individual;     )
15  JAMES A. NGUYEN, an individual; DAVID  ) **SPECIAL INTERROGATORIES**
    VAN TRAN, an individual; KEVIN HUA     ) **PROPOUNDED TO PLAINTIFF, RYAN**
16  CHANG, an individual; ROBERT PHAM, an  ) **BALDWIN, SET ONE**
    individual; XUAN PHONG VU, an individual; )
17  TOMMY NGO, an individual; TAM THE      ) Complaint filed: 11/13/2007
    HUYNH, an individual; JAMES BUI, an    )
18  individual; MAI VU, an individual; BINH HUU )
    NGUYEN, an individual; DIANE HOA, an   )
19  individual; HAI HOANG LIEU, an individual; )
    HUYNH MUOI, an individual; RECELA L.   )
20  LAYON, an individual; MARY A. PHAM, an )
    individual; THANH KIM NGUYEN, an       )
21  individual; and DOES 1 through 200, inclusive, )
                                           )
22               Defendants.               )
                                           )
23  _____ )
    BINH HUU NGUYEN and DIANE HOA          )
24  NGUYEN,                                )
                                           )
25               Cross-Complainants,       )
    vs.                                    )
26                                         )
    CHRISTOPHER A. BUI, DAVID VAN TRAN, )
27  KEVIN HUA CHANG, ROBERT PHAM,          )
    XUAN PHONG VU, TOMMY NGO, TAM          )
28  THE HUYNH, JAMES BUI, MAI VU, HAI      )
    HOANG LIEU, HUYNH MUOI, RECELA L.      )

                                  -1-

1  LAYON, MARY A. PHAM, AND THANH )
   KIM NGUYEN, and ROES 1 through 100, )
2  inclusive,                         )
                                      )
3              Cross-Defendants.      )
                                      )
4  ─────────────────────────────────── )

5  REQUESTING PARTY:        Defendant, JAMES A. NGUYEN

6  RESPONDING PARTY:        Plaintiff, RYAN BALDWIN

7  SET NO.:                 One

8       TO PLAINTIFF, RYAN BALDWIN, AND TO HIS ATTORNEY OF RECORD HEREIN:

9           Defendant, JAMES A. NGUYEN, requests that Plaintiff, RYAN BALDWIN, respond under

10  oath, pursuant to Section 2030.030, et seq. of the *Code of Civil Procedure* of the State of California,

11  the following interrogatories, within thirty (30) days from the service thereof.

12          In answering these Interrogatories, furnish all information available to you, including

13  information in the possession of your attorneys or investigators for your attorneys, not merely

14  information known of your own personal knowledge.

15

16                              **DEFINITIONS**

17          The term **"YOU"** or **"YOUR"** will be defined as:  you, your agents, your employees, your

18  insurance companies, their agents, their employees, your attorneys, your accountants, your

19  investigators, and anyone else acting on your benefit.

20          The term **"INCIDENT"** will be defined as:  the shooting incident which occurred on April

21  28, 2006 and subject of the above-captioned lawsuit.

22

23                          **SPECIAL INTERROGATORIES**

24  1.      Please state all facts upon which you base the contention that James Nguyen was a "member

25          of the street gang know as Asian Crips" as alleged in paragraph 22 of your Complaint.

26  2.      Please IDENTIFY each person who has knowledge of the facts upon which you base the

27          contention that James Nguyen was a "member of the street gang know as Asian Crips" as

28          alleged in paragraph 22 of your Complaint.

-2-

1   3.   Please IDENTIFY all documents that support your contention that James Nguyen was a
2        "member of the street gang know as Asian Crips" as alleged in paragraph 22 of your
3        Complaint.

4   4.   Please state all facts upon which you base the contention that James Nguyen had "a history of
5        unlawful conduct" as set forth in paragraph 23 of your Complaint.

6   5.   Please IDENTIFY each person who has knowledge of the facts upon which you base the
7        contention that James Nguyen had "a history of unlawful conduct" as set forth in paragraph
8        23 of your Complaint.

9   6.   Please IDENTIFY each document that supports your contention that James Nguyen had "a
10       history of unlawful conduct" as set forth in paragraph 23 of your Complaint.

11  7.   Please state all facts upon which you base the contention that James Nguyen had "a history of
12       … school discipline" as set forth in paragraph 23 of your Complaint.

13  8.   Please IDENTIFY each person who has knowledge of the facts upon which you base the
14       contention that James Nguyen had "a history of … school discipline" as set forth in
15       paragraph 23 of your Complaint.

16  9.   Please IDENTIFY each document that supports your contention that James Nguyen had "a
17       history of … school discipline" as set forth in paragraph 23 of your Complaint.

18  10.  Please state all facts upon which you base the contention that James Nguyen had "a history of
19       … juvenile criminal felony … convictions" as set forth in paragraph 23 of your Complaint.

20  11.  Please IDENTIFY each person who has knowledge of the facts upon which you base the
21       contention that James Nguyen had "a history of … juvenile criminal felony … convictions"
22       as set forth in paragraph 23 of your Complaint.

23  12.  Please IDENTIFY each document that supports your contention that James Nguyen had "a
24       history of … juvenile criminal felony … convictions" as set forth in paragraph 23 of your
25       Complaint.

26  13.  Please state all facts upon which you base the contention that James Nguyen had "a history of
27       … juvenile criminal … misdemeanor convictions" as set forth in paragraph 23 of your
28       Complaint.

DEF., JAMES A. NGUYEN'S SPECIAL INTERROGATORIES TO PL., RYAN BALDWIN, SET ONE

14.  Please IDENTIFY each person who has knowledge of the facts upon which you base the contention that James Nguyen had "a history of … juvenile criminal … misdemeanor convictions" as set forth in paragraph 23 of your Complaint.

15.  Please IDENTIFY each document that supports your contention that James Nguyen had "a history of … juvenile criminal … misdemeanor convictions" as set forth in paragraph 23 of your Complaint.

16.  Please state all facts upon which you base the contention that on or before April 29, 2006 James Nguyen had a "propensity for violence" as set forth in paragraph 25 of your Complaint.

17.  Please IDENTIFY each person who has knowledge of the facts upon which you base the contention that on or before April 29, 2006 James Nguyen had a "propensity for violence" as set forth in paragraph 25 of your Complaint.

18.  Please IDENTIFY each document which supports your contention that on or before April 29, 2006 James Nguyen had a "propensity for violence" as set forth in paragraph 25 of your Complaint.

19.  Please state all facts upon which you base the contention that on or before April 29, 2006 James Nguyen had a "propensity for … unlawful conduct" as set forth in paragraph 25 of your Complaint.

20.  Please IDENTIFY each person who has knowledge of the facts upon which you base the contention that on or before April 29, 2006 James Nguyen had a "propensity for … unlawful conduct" as set forth in paragraph 25 of your Complaint.

21.  Please IDENTIFY each document which supports your contention that on or before April 29, 2006 James Nguyen had a "propensity for … unlawful conduct" as set forth in paragraph 25 of your Complaint.

22.  Please state all facts upon which you base the contention that on or before April 29, 2006 James Nguyen had a "propensity for … dangerous gang related behavior" as set forth in paragraph 25 of your Complaint.

23.  Please IDENTIFY each person who has knowledge of the facts upon which you base the

-4-

1    contention that on or before April 29, 2006 James Nguyen had a "propensity for ...

2    dangerous gang related behavior" as set forth in paragraph 25 of your Complaint.

3  24.  Please IDENTIFY each document which supports your contention that on or before April 29,

4    2006 James Nguyen had a "propensity for ... dangerous gang related behavior" as set forth in

5    paragraph 25 of your Complaint.

6  25.  Please state all facts upon which you base the contention that on April 28, 2006 Binh Huu

7    Nguyen granted James Nguyen "permission either implicit or express to leave their residence

8    to join other Gang Defendants" as set forth in paragraph 26 of your Complaint.

9  26.  Please IDENTIFY each person who has knowledge of the facts upon which you base the

10    contention that on April 28, 2006 Binh Huu Nguyen granted James Nguyen "permission

11    either implicit or express to leave their residence to join other Gang Defendants" as set forth

12    in paragraph 26 of your Complaint.

13  27.  Please IDENTIFY each document which supports your contention that on April 28, 2006

14    Binh Huu Nguyen granted James Nguyen "permission either implicit or express to leave their

15    residence to join other Gang Defendants" as set forth in paragraph 26 of your Complaint.

16  28.  Please state all facts upon which you base the contention that on April 28, 2006 Diane Hoa

17    Nguyen granted James Nguyen "permission either implicit or express to leave their residence

18    to join other Gang Defendants" as set forth in paragraph 26 of your Complaint.

19  29.  Please IDENTIFY each person who has knowledge of the facts upon which you base the

20    contention that on April 28, 2006 Diane Hoa Nguyen granted James Nguyen "permission

21    either implicit or express to leave their residence to join other Gang Defendants" as set forth

22    in paragraph 26 of your Complaint.

23  30.  Please IDENTIFY each document which supports your contention that on April 28, 2006

24    Diane Hoa Nguyen granted James Nguyen "permission either implicit or express to leave

25    their residence to join other Gang Defendants" as set forth in paragraph 26 of your

26    Complaint.

27  31.  Please state all facts upon which you base the contention that on April 28, 2006 Binh Huu

28    Nguyen granted James Nguyen "permission either implicit or express to leave their residence

-5-

1     to ... engage in unlawful, dangerous, gang-related behavior" as set forth in paragraph 26 of

2     your Complaint.

3   32.   Please IDENTIFY each person who has knowledge of the facts upon which you base the

4     contention that on April 28, 2006 Binh Huu Nguyen granted James Nguyen "permission

5     either implicit or express to leave their residence to ... engage in unlawful, dangerous, gang-

6     related behavior" as set forth in paragraph 26 of your Complaint.

7   33.   Please IDENTIFY each document which supports your contention that on April 28, 2006

8     Binh Huu Nguyen granted James Nguyen "permission either implicit or express to leave their

9     residence to ... engage in unlawful, dangerous, gang-related behavior" as set forth in

10     paragraph 26 of your Complaint.

11   34.   Please state all facts upon which you base the contention that on April 28, 2006 Diane Hoa

12     Nguyen granted James Nguyen "permission either implicit or express to leave their residence

13     to ... engage in unlawful, dangerous, gang-related behavior" as set forth in paragraph 26 of

14     your Complaint.

15   35.   Please IDENTIFY each person who has knowledge of the facts upon which you base the

16     contention that on April 28, 2006 Diane Hoa Nguyen granted James Nguyen "permission

17     either implicit or express to leave their residence to ... engage in unlawful, dangerous, gang-

18     related behavior" as set forth in paragraph 26 of your Complaint.

19   36.   Please IDENTIFY each document which supports your contention that on April 28, 2006

20     Diane Hoa Nguyen granted James Nguyen "permission either implicit or express to leave

21     their residence to ... engage in unlawful, dangerous, gang-related behavior" as set forth in

22     paragraph 26 of your Complaint.

23   37.   Please state all facts upon which you base the contention that on or about April 29, 2006

24     James Nguyen "unlawfully carried a silver Kimber .40 handgun with a black rubber grip" as

25     set forth in paragraph 31 of your Complaint.

26   38.   Please IDENTIFY each person who has knowledge of the facts upon which you base the

27     contention that on or about April 29, 2006 James Nguyen "unlawfully carried a silver

28     Kimber .40 handgun with a black rubber grip" as set forth in paragraph 31 of your

1    Complaint.

2    39.    Please IDENTIFY each document which supports your contention that on or about April 29,

3    2006 James Nguyen "unlawfully carried a silver Kimber .40 handgun with a black rubber

4    grip" as set forth in paragraph 31 of your Complaint.

5    40.    Please state all facts upon which you base the contention that "James Nguyen point[ed] the

6    silver Kimber .40 caliber semi-automatic handgun with a black rubber grip at [RYAN

7    BALDWIN] and his brother" as set forth in paragraph 38 of your Complaint.

8    41.    Please IDENTIFY each person who has knowledge of the facts upon which you base the

9    contention that "James Nguyen point[ed] the silver Kimber .40 caliber semi-automatic

10    handgun with a black rubber grip at [RYAN BALDWIN] and his brother" as set forth in

11    paragraph 38 of your Complaint.

12    42.    Please IDENTIFY each document which supports your contention that "James Nguyen

13    point[ed] the silver Kimber .40 caliber semi-automatic handgun with a black rubber grip at

14    [RYAN BALDWIN] and his brother" as set forth in paragraph 38 of your Complaint.

15    43.    Please state all facts upon which you base the contention that "James Nguyen began shooting

16    the silver Kimber .40 caliber semi-automatic handgun with a black rubber grip at Plaintiffs

17    RYNA BALDWIN and JAYCE BALDWIN" as set forth in paragraph 39 of your Complaint.

18    44.    Please IDENTIFY each person who has knowledge of the facts upon which you base the

19    contention that "James Nguyen began shooting the silver Kimber .40 caliber semi-automatic

20    handgun with a black rubber grip at Plaintiffs RYNA BALDWIN and JAYCE BALDWIN"

21    as set forth in paragraph 39 of your Complaint.

22    45.    Please IDENTIFY each document which supports your contention that "James Nguyen began

23    shooting the silver Kimber .40 caliber semi-automatic handgun with a black rubber grip at

24    Plaintiffs RYNA BALDWIN and JAYCE BALDWIN" as set forth in paragraph 39 of your

25    Complaint.

26    46.    Please state all facts upon which you base the contention that Binh Huu Nguyen and Diane

27    Hoa Nguyen "had the opportunity and ability to prevent the shooting by GANG

28    DEFENDANTS " as set forth in paragraph 66 of your Complaint.

-7-

47.   Please IDENTIFY each person who has knowledge of the facts upon which you base the contention that that Binh Huu Nguyen and Diane Hoa Nguyen "had the opportunity and ability to prevent the shooting by GANG DEFENDANTS " as set forth in paragraph 66 of your Complaint.

48.   Please IDENTIFY each document which supports your contention that that Binh Huu Nguyen and Diane Hoa Nguyen "had the opportunity and ability to prevent the shooting by GANG DEFENDANTS" as set forth in paragraph 66 of your Complaint.

DATED: March 15, 2008                      PARKER RAINSBURY STRAUS, LLP


                                    By: _Leslie AP Dinwiddie for_
                                        MARVIN J. STRAUS, ESQ.
                                        Attorneys for Defendants/Cross-Complainants,
                                        BINH HUU NGUYEN, DIANE HOA NGUYEN,
                                        erroneously sued as DIANE HOA, and
                                        JAMES A. NGUYEN

DEF., JAMES A. NGUYEN'S SPECIAL INTERROGATORIES TO PL., RYAN BALDWIN, SET ONE

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is 505 N. Brand Blvd., Suite 810, Glendale, California   91203

On **March 15, 2008**, I served on the parties of record in this action the foregoing document described as: **SPECIAL INTERROGATORIES PROPOUNDED TO PLAINTIFF, RYAN BALDWIN, SET ONE** by placing the _____ original __xxxx__ true copies thereof enclosed in sealed envelopes addressed as follows:

*PLEASE SEE*

*ATTACHED SERVICE LIST*

[X ]    **BY MAIL** - as follows:    I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY ELECTRONIC MAIL** - to All parties.

[ ]    **BY PERSONAL SERVICE** - I delivered such envelope by hand to the offices of the addressee(s).

[ ]    **BY FACSIMILE TRANSMISSION** - I caused to be served by facsimile transmission at _____ a.m./p.m. at the following facsimile machine telephone number:

[X]    **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March 15, 2008,** at Glendale, California.

_____
MIMI YAN

130-003.03(MJS)

# PROOF OF SERVICE
## MAILING LIST

John H. Gomez, Esq.
Maria F. Palmieri, Esq.
**The Gomez Law Firm**
625 Broadway, Suite 600
San Diego, CA  92101
Tel:  (619) 237-3490
Fax: (619) 237-3496
*Attorneys for Plaintiffs, RYAN BALDWIN and JAYCE BALDWIN*

John R. Clifford, Esq.
Gregory D. Hagen, Esq.
Drath, Clifford, Murphy and Hagan
600 B Street, Suite 1550
San Diego, CA  92101
Tel: (619) 595-3060
Fax: (619) 595-3066
*Attorneys for Defendants, Kevin Chang Hua erroneously sued as Kevin Hua Chang; Tony Hua erroneously sued as Chang Hua; Winnice Chang erroneously sued as Winnis Hua*

Randall W. Kaler Esq.
Gilbert, Kelly, Crowley & Jennett LLP
750 B. Street Suite 2600
San Diego, CA  92101
Tel: (619) 687-3000
Fax: (619) 687-3100
*Attorneys for Defendants, James Bui & Mai Vu*

Thanh Kim Nguyen
*Defendant In Propria Persona*
10534 Parkdale Ave.
San Diego, CA  92126
Tel: (858) 610-4756

Robert Tan Nguyen, Esq.
Law Offices of Robert T. Nguyen
10495 Bolsa Ave, Suite 206
Westminster, CA  92683
Tel:  (714) 839-3991
Fax: (714) 839-3978
*Attorneys for Defendant, Xuan Phong Vu*

DEF., JAMES A. NGUYEN'S SPECIAL INTERROGATORIES TO PL., RYAN BALDWIN, SET ONE

1   Marvin J. Straus, Esq. (State Bar No. 199315)
    PARKER RAINSBURY STRAUS, LLP
2   401 West A Street, Suite 1715
    San Diego, California  92101
3   Telephone: (619) 702-7660
    Facsimile:  (619) 702-8544
4   Attorneys for Defendants/Cross-Complainants,
    BINH HUU NGUYEN and DIANE HOA NGUYEN,
5   erroneously sued as DIANE HOA, and
    JAMES A. NGUYEN

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            COUNTY OF SAN DIEGO - CENTRAL (HALL OF JUSTICE)

10

11  RYAN BALDWIN, an individual; and JAYCE    )  Case No.:37-2007-00081572-CU-PO-CTL
    BALDWIN, an individual,                   )
12                                            )  *(Unlimited Civil)*
              Plaintiffs,                     )
13                                            )  Assigned for All purposes to:
    vs.                                       )  Hon. Ronald S. Prager, Dept. C-71
14                                            )
    CHRISTOPHER A. BUI, an individual;        )  **SPECIAL INTERROGATORIES**
15  JAMES A. NGUYEN, an individual; DAVID     )  **PROPOUNDED TO PLAINTIFF,**
    VAN TRAN, an individual; KEVIN HUA        )  **JAYCE BALDWIN, SET ONE**
16  CHANG, an individual; ROBERT PHAM, an     )
    individual; XUAN PHONG VU, an individual; )
17  TOMMY NGO, an individual; TAM THE         )  Complaint filed: 11/13/2007
    HUYNH, an individual; JAMES BUI, an       )
18  individual; MAI VU, an individual; BINH HUU )
    NGUYEN, an individual; DIANE HOA, an      )
19  individual; HAI HOANG LIEU, an individual; )
    HUYNH MUOI, an individual; RECELA L.      )
20  LAYON, an individual; MARY A. PHAM, an    )
    individual; THANH KIM NGUYEN, an         )
21  individual; and DOES 1 through 200, inclusive, )
                                              )
22            Defendants.                     )
                                              )
23  ───────────────────────────────────      )
    BINH HUU NGUYEN and DIANE HOA            )
24  NGUYEN,                                   )
                                              )
25            Cross-Complainants,             )
    vs.                                       )
26                                            )
    CHRISTOPHER A. BUI, DAVID VAN TRAN,      )
27  KEVIN HUA CHANG, ROBERT PHAM,            )
    XUAN PHONG VU, TOMMY NGO, TAM            )
28  THE HUYNH, JAMES BUI, MAI VU, HAI        )
    HOANG LIEU, HUYNH MUOI, RECELA L.        )

                                -1-

1  LAYON, MARY A. PHAM, AND THANH    )
   KIM NGUYEN, and ROES 1 through 100,    )
2  inclusive,    )
                                          )
3              Cross-Defendants.          )
                                          )
4  _____

5  REQUESTING PARTY:          Defendant, JAMES A. NGUYEN

6  RESPONDING PARTY:          Plaintiff, JAYCE BALDWIN

7  SET NO.:                   One

8         TO PLAINTIFF, JAYCE BALDWIN, AND TO HIS ATTORNEY OF RECORD HEREIN:

9         Defendant, JAMES A. NGUYEN, requests that Plaintiff, JAYCE BALDWIN, respond under

10 oath, pursuant to Section 2030.030, et seq. of the *Code of Civil Procedure* of the State of California,

11 the following interrogatories, within thirty (30) days from the service thereof.

12        In answering these Interrogatories, furnish all information available to you, including

13 information in the possession of your attorneys or investigators for your attorneys, not merely

14 information known of your own personal knowledge.

15

16                            **DEFINITIONS**

17        The term **"YOU"** or **"YOUR"** will be defined as:  you, your agents, your employees, your

18 insurance companies, their agents, their employees, your attorneys, your accountants, your

19 investigators, and anyone else acting on your benefit.

20        The term **"INCIDENT"** will be defined as:  the shooting incident which occurred on April

21 28, 2006 and subject of the above-captioned lawsuit.

22

23                      **SPECIAL INTERROGATORIES**

24 1.    Please state all facts upon which you base the contention that James Nguyen was a "member

25       of the street gang know as Asian Crips" as alleged in paragraph 22 of your Complaint.

26 2.    Please IDENTIFY each person who has knowledge of the facts upon which you base the

27       contention that James Nguyen was a "member of the street gang know as Asian Crips" as

28       alleged in paragraph 22 of your Complaint.

-2-

3.    Please IDENTIFY all documents that support your contention that James Nguyen was a "member of the street gang know as Asian Crips" as alleged in paragraph 22 of your Complaint.

4.    Please state all facts upon which you base the contention that James Nguyen had "a history of unlawful conduct" as set forth in paragraph 23 of your Complaint.

5.    Please IDENTIFY each person who has knowledge of the facts upon which you base the contention that James Nguyen had "a history of unlawful conduct" as set forth in paragraph 23 of your Complaint.

6.    Please IDENTIFY each document that supports your contention that James Nguyen had "a history of unlawful conduct" as set forth in paragraph 23 of your Complaint.

7.    Please state all facts upon which you base the contention that James Nguyen had "a history of … school discipline" as set forth in paragraph 23 of your Complaint.

8.    Please IDENTIFY each person who has knowledge of the facts upon which you base the contention that James Nguyen had "a history of … school discipline" as set forth in paragraph 23 of your Complaint.

9.    Please IDENTIFY each document that supports your contention that James Nguyen had "a history of … school discipline" as set forth in paragraph 23 of your Complaint.

10.   Please state all facts upon which you base the contention that James Nguyen had "a history of … juvenile criminal felony … convictions" as set forth in paragraph 23 of your Complaint.

11.   Please IDENTIFY each person who has knowledge of the facts upon which you base the contention that James Nguyen had "a history of … juvenile criminal felony … convictions" as set forth in paragraph 23 of your Complaint.

12.   Please IDENTIFY each document that supports your contention that James Nguyen had "a history of … juvenile criminal felony … convictions" as set forth in paragraph 23 of your Complaint.

13.   Please state all facts upon which you base the contention that James Nguyen had "a history of … juvenile criminal … misdemeanor convictions" as set forth in paragraph 23 of your Complaint.

-3-

14.  Please IDENTIFY each person who has knowledge of the facts upon which you base the contention that James Nguyen had "a history of ... juvenile criminal ... misdemeanor convictions" as set forth in paragraph 23 of your Complaint.

15.  Please IDENTIFY each document that supports your contention that James Nguyen had "a history of ... juvenile criminal ... misdemeanor convictions" as set forth in paragraph 23 of your Complaint.

16.  Please state all facts upon which you base the contention that on or before April 29, 2006 James Nguyen had a "propensity for violence" as set forth in paragraph 25 of your Complaint.

17.  Please IDENTIFY each person who has knowledge of the facts upon which you base the contention that on or before April 29, 2006 James Nguyen had a "propensity for violence" as set forth in paragraph 25 of your Complaint.

18.  Please IDENTIFY each document which supports your contention that on or before April 29, 2006 James Nguyen had a "propensity for violence" as set forth in paragraph 25 of your Complaint.

19.  Please state all facts upon which you base the contention that on or before April 29, 2006 James Nguyen had a "propensity for ... unlawful conduct" as set forth in paragraph 25 of your Complaint.

20.  Please IDENTIFY each person who has knowledge of the facts upon which you base the contention that on or before April 29, 2006 James Nguyen had a "propensity for ... unlawful conduct" as set forth in paragraph 25 of your Complaint.

21.  Please IDENTIFY each document which supports your contention that on or before April 29, 2006 James Nguyen had a "propensity for ... unlawful conduct" as set forth in paragraph 25 of your Complaint.

22.  Please state all facts upon which you base the contention that on or before April 29, 2006 James Nguyen had a "propensity for ... dangerous gang related behavior" as set forth in paragraph 25 of your Complaint.

23.  Please IDENTIFY each person who has knowledge of the facts upon which you base the

-4-

1    contention that on or before April 29, 2006 James Nguyen had a "propensity for ...

2    dangerous gang related behavior" as set forth in paragraph 25 of your Complaint.

3    24.    Please IDENTIFY each document which supports your contention that on or before April 29,

4    2006 James Nguyen had a "propensity for ... dangerous gang related behavior" as set forth in

5    paragraph 25 of your Complaint.

6    25.    Please state all facts upon which you base the contention that on April 28, 2006 Binh Huu

7    Nguyen granted James Nguyen "permission either implicit or express to leave their residence

8    to join other Gang Defendants" as set forth in paragraph 26 of your Complaint.

9    26.    Please IDENTIFY each person who has knowledge of the facts upon which you base the

10    contention that on April 28, 2006 Binh Huu Nguyen granted James Nguyen "permission

11    either implicit or express to leave their residence to join other Gang Defendants" as set forth

12    in paragraph 26 of your Complaint.

13    27.    Please IDENTIFY each document which supports your contention that on April 28, 2006

14    Binh Huu Nguyen granted James Nguyen "permission either implicit or express to leave their

15    residence to join other Gang Defendants" as set forth in paragraph 26 of your Complaint.

16    28.    Please state all facts upon which you base the contention that on April 28, 2006 Diane Hoa

17    Nguyen granted James Nguyen "permission either implicit or express to leave their residence

18    to join other Gang Defendants" as set forth in paragraph 26 of your Complaint.

19    29.    Please IDENTIFY each person who has knowledge of the facts upon which you base the

20    contention that on April 28, 2006 Diane Hoa Nguyen granted James Nguyen "permission

21    either implicit or express to leave their residence to join other Gang Defendants" as set forth

22    in paragraph 26 of your Complaint.

23    30.    Please IDENTIFY each document which supports your contention that on April 28, 2006

24    Diane Hoa Nguyen granted James Nguyen "permission either implicit or express to leave

25    their residence to join other Gang Defendants" as set forth in paragraph 26 of your

26    Complaint.

27    31.    Please state all facts upon which you base the contention that on April 28, 2006 Binh Huu

28    Nguyen granted James Nguyen "permission either implicit or express to leave their residence

-5-

1    to … engage in unlawful, dangerous, gang-related behavior" as set forth in paragraph 26 of

2    your Complaint.

3    32.    Please IDENTIFY each person who has knowledge of the facts upon which you base the

4    contention that on April 28, 2006 Binh Huu Nguyen granted James Nguyen "permission

5    either implicit or express to leave their residence to … engage in unlawful, dangerous, gang-

6    related behavior" as set forth in paragraph 26 of your Complaint.

7    33.    Please IDENTIFY each document which supports your contention that on April 28, 2006

8    Binh Huu Nguyen granted James Nguyen "permission either implicit or express to leave their

9    residence to … engage in unlawful, dangerous, gang-related behavior" as set forth in

10    paragraph 26 of your Complaint.

11    34.    Please state all facts upon which you base the contention that on April 28, 2006 Diane Hoa

12    Nguyen granted James Nguyen "permission either implicit or express to leave their residence

13    to … engage in unlawful, dangerous, gang-related behavior" as set forth in paragraph 26 of

14    your Complaint.

15    35.    Please IDENTIFY each person who has knowledge of the facts upon which you base the

16    contention that on April 28, 2006 Diane Hoa Nguyen granted James Nguyen "permission

17    either implicit or express to leave their residence to … engage in unlawful, dangerous, gang-

18    related behavior" as set forth in paragraph 26 of your Complaint.

19    36.    Please IDENTIFY each document which supports your contention that on April 28, 2006

20    Diane Hoa Nguyen granted James Nguyen "permission either implicit or express to leave

21    their residence to … engage in unlawful, dangerous, gang-related behavior" as set forth in

22    paragraph 26 of your Complaint.

23    37.    Please state all facts upon which you base the contention that on or about April 29, 2006

24    James Nguyen "unlawfully carried a silver Kimber .40 handgun with a black rubber grip" as

25    set forth in paragraph 31 of your Complaint.

26    38.    Please IDENTIFY each person who has knowledge of the facts upon which you base the

27    contention that on or about April 29, 2006 James Nguyen "unlawfully carried a silver

28    Kimber .40 handgun with a black rubber grip" as set forth in paragraph 31 of your

-6-

1  Complaint.

2  39.  Please IDENTIFY each document which supports your contention that on or about April 29,

3  2006 James Nguyen "unlawfully carried a silver Kimber .40 handgun with a black rubber

4  grip" as set forth in paragraph 31 of your Complaint.

5  40.  Please state all facts upon which you base the contention that "James Nguyen point[ed] the

6  silver Kimber .40 caliber semi-automatic handgun with a black rubber grip at [RYAN

7  BALDWIN] and his brother" as set forth in paragraph 38 of your Complaint.

8  41.  Please IDENTIFY each person who has knowledge of the facts upon which you base the

9  contention that "James Nguyen point[ed] the silver Kimber .40 caliber semi-automatic

10  handgun with a black rubber grip at [RYAN BALDWIN] and his brother" as set forth in

11  paragraph 38 of your Complaint.

12  42.  Please IDENTIFY each document which supports your contention that "James Nguyen

13  point[ed] the silver Kimber .40 caliber semi-automatic handgun with a black rubber grip at

14  [RYAN BALDWIN] and his brother" as set forth in paragraph 38 of your Complaint.

15  43.  Please state all facts upon which you base the contention that "James Nguyen began shooting

16  the silver Kimber .40 caliber semi-automatic handgun with a black rubber grip at Plaintiffs

17  RYNA BALDWIN and JAYCE BALDWIN" as set forth in paragraph 39 of your Complaint.

18  44.  Please IDENTIFY each person who has knowledge of the facts upon which you base the

19  contention that "James Nguyen began shooting the silver Kimber .40 caliber semi-automatic

20  handgun with a black rubber grip at Plaintiffs RYNA BALDWIN and JAYCE BALDWIN"

21  as set forth in paragraph 39 of your Complaint.

22  45.  Please IDENTIFY each document which supports your contention that "James Nguyen began

23  shooting the silver Kimber .40 caliber semi-automatic handgun with a black rubber grip at

24  Plaintiffs RYNA BALDWIN and JAYCE BALDWIN" as set forth in paragraph 39 of your

25  Complaint.

26  46.  Please state all facts upon which you base the contention that Binh Huu Nguyen and Diane

27  Hoa Nguyen "had the opportunity and ability to prevent the shooting by GANG

28  DEFENDANTS " as set forth in paragraph 66 of your Complaint.

-7-

47.  Please IDENTIFY each person who has knowledge of the facts upon which you base the contention that that Binh Huu Nguyen and Diane Hoa Nguyen "had the opportunity and ability to prevent the shooting by GANG DEFENDANTS " as set forth in paragraph 66 of your Complaint.

48.  Please IDENTIFY each document which supports your contention that that Binh Huu Nguyen and Diane Hoa Nguyen "had the opportunity and ability to prevent the shooting by GANG DEFENDANTS" as set forth in paragraph 66 of your Complaint.

DATED: March 15, 2008            PARKER RAINSBURY STRAUS, LLP

By  _Leslie M Drumdie for_
    MARVIN U STRAUS, ESQ.
    Attorneys for Defendants/Cross-Complainants,
    BINH HUU NGUYEN, DIANE HOA NGUYEN,
    erroneously sued as DIANE HOA, and
    JAMES A. NGUYEN

-8-

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is 505 N. Brand Blvd., Suite 810, Glendale, California 91203

On **March 15, 2008,** I served on the parties of record in this action the foregoing document described as: **SPECIAL INTERROGATORIES PROPOUNDED TO PLAINTIFF, JAYCE BALDWIN, SET ONE** by placing the _____ original __xxxx__ true copies thereof enclosed in sealed envelopes addressed as follows:

*PLEASE SEE*

*ATTACHED SERVICE LIST*

[X ]    **BY MAIL** - as follows:    I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY ELECTRONIC MAIL** - to All parties.

[ ]    **BY PERSONAL SERVICE** - I delivered such envelope by hand to the offices of the addressee(s).

[ ]    **BY FACSIMILE TRANSMISSION** - I caused to be served by facsimile transmission at _____ a.m./p.m. at the following facsimile machine telephone number:

[X]    **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March 15, 2008,** at Glendale, California.

_____
MIMI YAN

130-003.03(MJS)

-9-

**PROOF OF SERVICE**
**MAILING LIST**

John H. Gomez, Esq.
Maria F. Palmieri, Esq.
**The Gomez Law Firm**
625 Broadway, Suite 600
San Diego, CA   92101
Tel:  (619) 237-3490
Fax: (619) 237-3496
*Attorneys for Plaintiffs, RYAN BALDWIN and JAYCE BALDWIN*

John R. Clifford, Esq.
Gregory D. Hagen, Esq.
Drath, Clifford, Murphy and Hagan
600 B Street, Suite 1550
San Diego, CA   92101
Tel: (619) 595-3060
Fax: (619) 595-3066
*Attorneys for Defendants, Kevin Chang Hua erroneously sued as Kevin Hua Chang; Tony Hua erroneously sued as Chang Hua; Winnice Chang erroneously sued as Winnis Hua*

Randall W. Kaler Esq.
Gilbert, Kelly, Crowley & Jennett LLP
750 B. Street Suite 2600
San Diego, CA   92101
Tel: (619) 687-3000
Fax: (619) 687-3100
*Attorneys for Defendants, James Bui & Mai Vu*

Thanh Kim Nguyen
*Defendant In Propria Persona*
10534 Parkdale Ave.
San Diego, CA   92126
Tel: (858) 610-4756

Robert Tan Nguyen, Esq.
Law Offices of Robert T. Nguyen
10495 Bolsa Ave, Suite 206
Westminster, CA   92683
Tel: (714) 839-3991
Fax: (714) 839-3978
*Attorneys for Defendant, Xuan Phong Vu*

-10-

1   Marvin J. Straus, Esq. (State Bar No. 199315)
    PARKER RAINSBURY STRAUS, LLP
2   401 West A Street, Suite 1715
    San Diego, California  92101
3   Telephone: (619) 702-7660
    Facsimile: (619) 702-8544
4   Attorneys for Defendants/Cross-Complainants,
    BINH HUU NGUYEN and DIANE HOA NGUYEN,
5   erroneously sued as DIANE HOA, and
    JAMES A. NGUYEN

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 COUNTY OF SAN DIEGO - CENTRAL (HALL OF JUSTICE)

10

11  RYAN BALDWIN, an individual; and JAYCE )   Case No.:37-2007-00081572-CU-PO-CTL
    BALDWIN, an individual,                )
12                                         )   *(Unlimited Civil)*
                       Plaintiffs,         )
13                                         )   Assigned for All purposes to:
    vs.                                    )   Hon. Ronald S. Prager, Dept. C-71
14                                         )
    CHRISTOPHER A. BUI, an individual;     )   **REQUEST FOR PRODUCTION OF**
15  JAMES A. NGUYEN, an individual; DAVID  )   **DOCUMENTS & THINGS**
    VAN TRAN, an individual; KEVIN HUA     )   **PROPOUNDED TO PLAINTIFF,**
16  CHANG, an individual; ROBERT PHAM, an  )   **JAYCE BALDWIN, SET ONE**
    individual; XUAN PHONG VU, an individual; )
17  TOMMY NGO, an individual; TAM THE      )
    HUYNH, an individual; JAMES BUI, an    )   Complaint filed: 11/13/2007
18  individual; MAI VU, an individual; BINH HUU )
    NGUYEN, an individual; DIANE HOA, an   )
19  individual; HAI HOANG LIEU, an individual; )
    HUYNH MUOI, an individual; RECELA L.   )
20  LAYON, an individual; MARY A. PHAM, an )
    individual; THANH KIM NGUYEN, an       )
21  individual; and DOES 1 through 200, inclusive, )
                                           )
22                     Defendants.         )
                                           )
23  BINH HUU NGUYEN and DIANE HOA          )
    NGUYEN,                                )
24                                         )
                   Cross-Complainants,     )
25  vs.                                    )
                                           )
26  CHRISTOPHER A. BUI, DAVID VAN TRAN,    )
    KEVIN HUA CHANG, ROBERT PHAM,          )
27  XUAN PHONG VU, TOMMY NGO, TAM          )
    THE HUYNH, JAMES BUI, MAI VU, HAI      )
28  HOANG LIEU, HUYNH MUOI, RECELA L.      )

                                    -1-

1  LAYON, MARY A. PHAM, AND THANH              )
   KIM NGUYEN, and ROES 1 through 100,          )
2  inclusive,                                   )
                                                )
3                  Cross-Defendants.            )
                                                )
   _____  )
4

5  REQUESTING PARTY:           Defendant, JAMES A. NGUYEN

6  RESPONDING PARTY:           Plaintiff, JAYCE BALDWIN

7  SET NO.:                    One

8

9        TO PLAINTIFF, JAYCE BALDWIN, AND TO HIS ATTORNEY OF RECORD HEREIN:

10       PURSUANT TO *Code of Civil Procedure*, Section 2031.010, et seq., Defendant requests

11  that Plaintiff:

12       ·A.     IDENTIFY, in written response, SUBSCRIBED BY YOU UNDER OATH and ·

13  served within thirty (30) days after service of this request, each and every document, paper, book,

14  account, letter, photograph, object or other tangible thing of each category specified in your

15  possession, custody or control; and

16       B.      PRODUCE the identified items for inspection and copying or photographing by

17  Defendants and Defendants' attorney on **April 22, 2008** at **10:00 a.m.**, at the law offices of  Parker

18  Rainsbury Straus, LLP, 401 West A Street, Suite 1715, San Diego, California  92101.  If

19  photographs of any kind are included in your response, then you shall produce either the original

20  photographs for duplication by Defendant or duplicate originals at Defendant's expense after

21  receiving confirmation from Defendant's attorney of the agreement to pay for such duplication.

22       The items requested are currently in the custody and control of Plaintiff and/or Plaintiff's

23  attorneys of record, are not privileged, and are relevant to the subject matter of this action or

24  reasonably calculated to lead to the discovery of admissible evidence in this action.

25

26                    **THE ITEMS TO BE PRODUCED ARE:**

27  1.     Any and all medical bills, receipts, records and reports regarding care, treatment, diagnosis,

28         prognosis, evaluations, examinations, physiotherapy, x-rays, and all other diagnostic tests

-2-

1   and procedures, including, but not limited to, all records reflecting the date of each visit,

2   examination or treatment, and the charges made thereof, and any and all other documents

3   pertaining to, or in any manner related to the injuries you allege arose out of, and/or were

4   proximately caused by the events giving rise to this action.

5   2.   Any and all original photographs, slides, movies and videotapes of Plaintiff which depict any

6   and all injuries and conditions claimed as damages in this action, or which you allege

7   occurred, as a result of the incident giving rise to this action.

8   3.   All time cards, reports, authorizations to miss work, or other records which substantiate any

9   claim for loss of income which you are claiming was proximately caused by the incident

10   which is the subject matter of this lawsuit.

11   4.   Any and all statements or documents relating to statements from named or identified

12   witnesses that saw or can confirm the incidents or events alleged in the Complaint. (Witness'

13   Statements do not fall within the attorney work product privilege. See *People vs. Williams*

14   (1979) 93 Cal. App. 3d 40, 155 Cal Rptr. 414; *Rodriquez vs. McDonnell Douglas Corp.*

15   (1978) 87 Cal. App. 3d 626, 151 Cal Rptr. 399; *Kadelbach vs. Amaral* (1973) 31 Cal. App.

16   3d 814, 107 Cal. Rptr. 720. (See also the discussion of work product in Justice Jefferson's

17   California Evidence Bench Book).

18   5.   All notes, reports, letters, bills, estimates or other memorandum which reflect or verify any

19   other monetary loss which you claim was proximately caused by the incident which is the

20   subject matter of this lawsuit.

21   6.   All photographs, or exact copies thereof, which depict any scene, location or object which is

22   relevant to the subject matter of the litigation.

23   7.   Any document which in any way supports your theory of liability against Defendant to

24   include, but not limited to: police reports, witness statements, investigative reports, etc.

25   8.   Any and all documents that support your contention that James Nguyen was in the Toyota

26   Camry at the time of the shooting.

27   9.   Any and all documents that support your contention that James Nguyen was present at the

28   shooting.

-3-

1    10.    Any and all documents that support your contention that James Nguyen shot at the Landrover

2          being driven by Plaintiff.

3

4    DATED: March 15, 2008                    PARKER RAINSBURY STRAUS, LLP

5

6                                        By: _____

7                                            MARVIN J. STRAUS, ESQ.
                                             Attorneys for Defendants/Cross-Complainants,
8                                            BINH HUU NGUYEN, DIANE HOA NGUYEN,
                                             erroneously sued as DIANE HOA, and
9                                            JAMES A. NGUYEN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

1    **PROOF OF SERVICE**

2    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is 505 N. Brand Blvd., Suite 810,

3    Glendale, California 91203

4    On **March 15, 2008**, I served on the parties of record in this action the foregoing document described as: **REQUEST FOR PRODUCTION OF DOCUMENTS & THINGS**

5    **PROPOUNDED TO PLAINTIFF, JAYCE BALDWIN, SET ONE** by placing the _____ original __xxxx__ true copies thereof enclosed in sealed envelopes addressed as follows:

6

7    *PLEASE SEE*

8    *ATTACHED SERVICE LIST*

9

10   [X]    **BY MAIL** - as follows:    I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited

11   with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party served,

12   service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13   [ ]    **BY ELECTRONIC MAIL** - to All parties.

14

15   [ ]    **BY PERSONAL SERVICE** - I delivered such envelope by hand to the offices of the addressee(s).

16   [ ]    **BY FACSIMILE TRANSMISSION** - I caused to be served by facsimile transmission at _____ a.m./p.m. at the following facsimile machine telephone number:

17

18   [X]    **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

19   Executed on **March 15, 2008**, at Glendale, California.

20

21

22   _____

23   MIMI YAN

24   130-003.03(MJS)

25

26

27

28

1

## PROOF OF SERVICE
## MAILING LIST

2

3   John H. Gomez, Esq.
Maria F. Palmieri, Esq.

4   **The Gomez Law Firm**
625 Broadway, Suite 600

5   San Diego, CA  92101
Tel:  (619) 237-3490

6   Fax: (619) 237-3496
*Attorneys for Plaintiffs, RYAN BALDWIN and JAYCE BALDWIN*

7

8   John R. Clifford, Esq.
Gregory D. Hagen, Esq.
Drath, Clifford, Murphy and Hagan

9   600 B Street, Suite 1550
San Diego, CA  92101

10  Tel: (619) 595-3060
Fax: (619) 595-3066

11  *Attorneys for Defendants, Kevin Chang Hua erroneously sued as Kevin Hua Chang; Tony Hua*
*erroneously sued as Chang Hua; Winnice Chang erroneously sued as Winnis Hua*

12

13  Randall W. Kaler Esq.
Gilbert, Kelly, Crowley & Jennett LLP
750 B. Street Suite 2600

14  San Diego, CA  92101
Tel: (619) 687-3000

15  Fax: (619) 687-3100
*Attorneys for Defendants, James Bui & Mai Vu*

16

17  Thanh Kim Nguyen
*Defendant In Propria Persona*
10534 Parkdale Ave.

18  San Diego, CA  92126
Tel: (858) 610-4756

19

20  Robert Tan Nguyen, Esq.
Law Offices of Robert T. Nguyen
10495 Bolsa Ave, Suite 206

21  Westminster, CA  92683
Tel:  (714) 839-3991

22  Fax: (714) 839-3978
*Attorneys for Defendant, Xuan Phong Vu*

23

24

25

26

27

28

-6-

1  Marvin J. Straus, Esq. (State Bar No. 199315)
   PARKER RAINSBURY STRAUS, LLP
2  401 West A Street, Suite 1715
   San Diego, California  92101
3  Telephone: (619) 702-7660
   Facsimile: (619) 702-8544
4  Attorneys for Defendants/Cross-Complainants,
   BINH HUU NGUYEN and DIANE HOA NGUYEN,
5  erroneously sued as DIANE HOA, and
   JAMES A. NGUYEN

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          COUNTY OF SAN DIEGO - CENTRAL (HALL OF JUSTICE)

10

11  RYAN BALDWIN, an individual; and JAYCE )   Case No.:37-2007-00081572-CU-PO-CTL
    BALDWIN, an individual,                )
12                                         )   *(Unlimited Civil)*
                Plaintiffs,                )
13                                         )   Assigned for All purposes to:
    vs.                                    )   Hon. Ronald S. Prager, Dept. C-71
14                                         )
    CHRISTOPHER A. BUI, an individual;     )   **REQUEST FOR PRODUCTION OF**
15  JAMES A. NGUYEN, an individual; DAVID  )   **DOCUMENTS & THINGS**
    VAN TRAN, an individual; KEVIN HUA     )   **PROPOUNDED TO PLAINTIFF, RYAN**
16  CHANG, an individual; ROBERT PHAM, an  )   **BALDWIN, SET ONE**
    individual; XUAN PHONG VU, an individual; )
17  TOMMY NGO, an individual; TAM THE      )
    HUYNH, an individual; JAMES BUI, an    )   Complaint filed: 11/13/2007
18  individual; MAI VU, an individual; BINH HUU )
    NGUYEN, an individual; DIANE HOA, an   )
19  individual; HAI HOANG LIEU, an individual; )
    HUYNH MUOI, an individual; RECELA L.   )
20  LAYON, an individual; MARY A. PHAM, an )
    individual; THANH KIM NGUYEN, an       )
21  individual; and DOES 1 through 200, inclusive, )
                                           )
22              Defendants.                )
                                           )
23  _____    )
    BINH HUU NGUYEN and DIANE HOA          )
24  NGUYEN,                                )
                                           )
                Cross-Complainants,        )
25  vs.                                    )
                                           )
26  CHRISTOPHER A. BUI, DAVID VAN TRAN,    )
    KEVIN HUA CHANG, ROBERT PHAM,          )
27  XUAN PHONG VU, TOMMY NGO, TAM          )
    THE HUYNH, JAMES BUI, MAI VU, HAI      )
28  HOANG LIEU, HUYNH MUOI, RECELA L.      )

                              -1-

1  | LAYON, MARY A. PHAM, AND THANH )
2  | KIM NGUYEN, and ROES 1 through 100, )
   | inclusive,                      )
   |                                 )
3  |             Cross-Defendants.   )
   |                                 )
4  | _____ )

5  | REQUESTING PARTY:          Defendant, JAMES A. NGUYEN

6  | RESPONDING PARTY:          Plaintiff, RYAN BALDWIN

7  | SET NO.:                   One

8

9  |      TO PLAINTIFF, RYAN BALDWIN, AND TO HIS ATTORNEY OF RECORD HEREIN:

10 |      PURSUANT TO *Code of Civil Procedure*, Section 2031.010, et seq., Defendant requests

11 | that Plaintiff:

12 |      A.    IDENTIFY, in written response, SUBSCRIBED BY YOU UNDER OATH and

13 | served within thirty (30) days after service of this request, each and every document, paper, book,

14 | account, letter, photograph, object or other tangible thing of each category specified in your

15 | possession, custody or control; and

16 |      B.    PRODUCE the identified items for inspection and copying or photographing by

17 | Defendants and Defendants' attorney on **April 22, 2008** at **10:00 a.m.**, at the law offices of Parker

18 | Rainsbury Straus, LLP, 401 West A Street, Suite 1715, San Diego, California  92101.  If

19 | photographs of any kind are included in your response, then you shall produce either the original

20 | photographs for duplication by Defendant or duplicate originals at Defendant's expense after

21 | receiving confirmation from Defendant's attorney of the agreement to pay for such duplication.

22 |      The items requested are currently in the custody and control of Plaintiff and/or Plaintiff's

23 | attorneys of record, are not privileged, and are relevant to the subject matter of this action or

24 | reasonably calculated to lead to the discovery of admissible evidence in this action.

25

26 |                **THE ITEMS TO BE PRODUCED ARE:**

27 | 1.    Any and all medical bills, receipts, records and reports regarding care, treatment, diagnosis,

28 |     prognosis, evaluations, examinations, physiotherapy, x-rays, and all other diagnostic tests

-2-

1    and procedures, including, but not limited to, all records reflecting the date of each visit,

2    examination or treatment, and the charges made thereof, and any and all other documents

3    pertaining to, or in any manner related to the injuries you allege arose out of, and/or were

4    proximately caused by the events giving rise to this action.

5    2.    Any and all original photographs, slides, movies and videotapes of Plaintiff which depict any

6    and all injuries and conditions claimed as damages in this action, or which you allege

7    occurred, as a result of the incident giving rise to this action.

8    3.    All time cards, reports, authorizations to miss work, or other records which substantiate any

9    claim for loss of income which you are claiming was proximately caused by the incident

10    which is the subject matter of this lawsuit.

11    4.    Any and all statements or documents relating to statements from named or identified

12    witnesses that saw or can confirm the incidents or events alleged in the Complaint. (Witness'

13    Statements do not fall within the attorney work product privilege. See *People vs. Williams*

14    (1979) 93 Cal. App. 3d 40, 155 Cal Rptr. 414; *Rodriquez vs. McDonnell Douglas Corp.*

15    (1978) 87 Cal. App. 3d 626, 151 Cal Rptr. 399; *Kadelbach vs. Amaral* (1973) 31 Cal. App.

16    3d 814, 107 Cal. Rptr. 720. (See also the discussion of work product in Justice Jefferson's

17    California Evidence Bench Book).

18    5.    All notes, reports, letters, bills, estimates or other memorandum which reflect or verify any

19    other monetary loss which you claim was proximately caused by the incident which is the

20    subject matter of this lawsuit.

21    6.    All photographs, or exact copies thereof, which depict any scene, location or object which is

22    relevant to the subject matter of the litigation.

23    7.    Any document which in any way supports your theory of liability against Defendant to

24    include, but not limited to: police reports, witness statements, investigative reports, etc.

25    8.    Any and all documents that support your contention that James Nguyen was in the Toyota

26    Camry at the time of the shooting.

27    9.    Any and all documents that support your contention that James Nguyen was present at the

28    shooting.

-3-

10.   Any and all documents that support your contention that James Nguyen shot at the Landrover being driven by Plaintiff.

DATED: March 15, 2008                    PARKER RAINSBURY STRAUS, LLP

By Leslie R. Downdie for
MARVIN J. STRAUS, ESQ.
Attorneys for Defendants/Cross-Complainants,
BINH HUU NGUYEN, DIANE HOA NGUYEN,
erroneously sued as DIANE HOA, and
JAMES A. NGUYEN

-4-

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is 505 N. Brand Blvd., Suite 810, Glendale, California 91203

On **March 15, 2008,** I served on the parties of record in this action the foregoing document described as: **REQUEST FOR PRODUCTION OF DOCUMENTS & THINGS PROPOUNDED TO PLAINTIFF, RYAN BALDWIN, SET ONE** by placing the _____
original __xxxx__ true copies thereof enclosed in sealed envelopes addressed as follows:

*PLEASE SEE*

*ATTACHED SERVICE LIST*

[X ]    **BY MAIL - as follows:**    I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY ELECTRONIC MAIL -** to All parties.

[ ]    **BY PERSONAL SERVICE -** I delivered such envelope by hand to the offices of the addressee(s).

[ ]    **BY FACSIMILE TRANSMISSION -** I caused to be served by facsimile transmission at _____ a.m./p.m. at the following facsimile machine telephone number:

[X]    **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March 15, 2008,** at Glendale, California.

_____
MIMI YAN

130-003.03(MJS)

-5-

1

## PROOF OF SERVICE
## MAILING LIST

2

3    John H. Gomez, Esq.
     Maria F. Palmieri, Esq.
4    **The Gomez Law Firm**
     625 Broadway, Suite 600
5    San Diego, CA 92101
     Tel: (619) 237-3490
6    Fax: (619) 237-3496
     *Attorneys for Plaintiffs, RYAN BALDWIN and JAYCE BALDWIN*

7

8    John R. Clifford, Esq.
     Gregory D. Hagen, Esq.
     Drath, Clifford, Murphy and Hagan
9    600 B Street, Suite 1550
     San Diego, CA 92101
10   Tel: (619) 595-3060
     Fax: (619) 595-3066
11   *Attorneys for Defendants, Kevin Chang Hua erroneously sued as Kevin Hua Chang; Tony Hua*
     *erroneously sued as Chang Hua; Winnice Chang erroneously sued as Winnis Hua*

12

     Randall W. Kaler Esq.
13   Gilbert, Kelly, Crowley & Jennett LLP
     750 B. Street Suite 2600
14   San Diego, CA 92101
     Tel: (619) 687-3000
15   Fax: (619) 687-3100
     *Attorneys for Defendants, James Bui & Mai Vu*

16

     Thanh Kim Nguyen
17   *Defendant In Propria Persona*
     10534 Parkdale Ave.
18   San Diego, CA 92126
     Tel: (858) 610-4756

19

     Robert Tan Nguyen, Esq.
20   Law Offices of Robert T. Nguyen
     10495 Bolsa Ave, Suite 206
21   Westminster, CA 92683
     Tel: (714) 839-3991
22   Fax: (714) 839-3978
     *Attorneys for Defendant, Xuan Phong Vu*

23

24

25

26

27

28

-6-

1  Marvin J. Straus, Esq. (State Bar No. 199315)
   PARKER RAINSBURY STRAUS, LLP
2  401 West A Street, Suite 1715
   San Diego, California  92101
3  Telephone: (619) 702-7660
   Facsimile: (619) 702-8544
4  Attorneys for Defendants/Cross-Complainants,
   BINH HUU NGUYEN and DIANE HOA NGUYEN,
5  erroneously sued as DIANE HOA, and
   JAMES A. NGUYEN

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          COUNTY OF SAN DIEGO - CENTRAL (HALL OF JUSTICE)

10

11  RYAN BALDWIN, an individual; and JAYCE )   Case No.:37-2007-00081572-CU-PO-CTL
    BALDWIN, an individual,                )
12                                         )   *(Unlimited Civil)*
                     Plaintiffs,           )
13                                         )   Assigned for All purposes to:
    vs.                                    )   Hon. Ronald S. Prager, Dept. C-71
14                                         )
    CHRISTOPHER A. BUI, an individual;     )   **DECLARATION OF MARVIN J.**
15  JAMES A. NGUYEN, an individual; DAVID  )   **STRAUS IN SUPPORT OF**
    VAN TRAN, an individual; KEVIN HUA     )   **DEFENDANT, JAMES A. NGUYEN'S**
16  CHANG, an individual; ROBERT PHAM, an  )   **REQUEST FOR ADDITIONAL**
    individual; XUAN PHONG VU, an individual; )  **DISCOVERY**
17  TOMMY NGO, an individual; TAM THE      )
    HUYNH, an individual; JAMES BUI, an    )
18  individual; MAI VU, an individual; BINH HUU )
    NGUYEN, an individual; DIANE HOA, an   )   Complaint filed: 11/13/2007
19  individual; HAI HOANG LIEU, an individual; )
    HUYNH MUOI, an individual; RECELA L.   )
20  LAYON, an individual; MARY A. PHAM, an )
    individual; THANH KIM NGUYEN, an       )
21  individual; and DOES 1 through 200, inclusive, )
                                           )
22                   Defendants.           )
                                           )
23  BINH HUU NGUYEN and DIANE HOA          )
    NGUYEN,                                )
24                                         )
                Cross-Complainants,        )
25  vs.                                    )
                                           )
26  CHRISTOPHER A. BUI, DAVID VAN TRAN, )
    KEVIN HUA CHANG, ROBERT PHAM,          )
27  XUAN PHONG VU, TOMMY NGO, TAM          )
    THE HUYNH, JAMES BUI, MAI VU, HAI      )
28  HOANG LIEU, HUYNH MUOI, RECELA L.      )

                               -1-

1  LAYON, MARY A. PHAM, AND THANH                  )
   KIM NGUYEN, and ROES 1 through 100,             )
2  inclusive,                                      )
                                                   )
3                    Cross-Defendants.             )
                                                   )
   _____)

4

5

6         I, Marvin J. Straus, declare:

7

8   1.   I am presently the attorney for , James A. Nguyen, a party to this action.

9   2.   I am propounding to Jayce Baldwin the attached set of requests for admission.

10  3.   This set of requests for admission will cause the total number of requests propounded to the

11       party to whom they are directed to exceed the number of requests permitted by Section

12       2033.030 of the Code of Civil Procedure.

13  4.   I have previously propounded a total of 0 requests for admission to this party.

14  5.   This set of requests for admission contains a total of six (6) requests.

15  6.   I am familiar with the issues and the previous discovery conducted by all of the parties in this

16       case.

17  7.   I have personally examined each of the requests in this set of requests for admission.

18  8.   This number of requests for admission is warranted under Section 2033.040 of the Code of

19       Civil Procedure because the circumstances surrounding the incident subject to this lawsuit

20       are difficult to clearly understand from the great number of parties involved and each of their

21       varying descriptions on the record to date.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

-2-

**DECL. OF MARVIN J. STRAUS IN SUPPORT OF DEFENDANT'S REQUEST FOR ADDT'L DISCOVERY**

9.      None of the requests in this set of requests is being propounded for any improper purpose, such as to harass the party, or the attorney for the party, to whom it is directed, or to cause unnecessary delay or needless increase in the cost of litigation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: March 15, 2008                    PARKER RAINSBURY STRAUS, LLP

By: _Leslie M. Dinwiddie for_
MARVIN J. STRAUS, ESQ.
Attorneys for Defendants/Cross-Complainants,
BINH HUU NGUYEN, DIANE HOA NGUYEN,
erroneously sued as DIANE HOA, and
JAMES A. NGUYEN

-3-

DECL. OF MARVIN J. STRAUS IN SUPPORT OF DEFENDANT'S REQUEST FOR ADDT'L DISCOVERY

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is 505 N. Brand Blvd., Suite 810, Glendale, California 91203

On **March** ___/5, **2008**, I served on the parties of record in this action the foregoing document described as: **DECLARATION OF MARVIN J. STRAUS IN SUPPORT OF DEFENDANT, JAMES A. NGUYEN'S REQUEST FOR ADDITIONAL DISCOVERY** by placing the _____ original __xxxx__ true copies thereof enclosed in sealed envelopes addressed as follows:

*PLEASE SEE*

*ATTACHED SERVICE LIST*

[X]  **BY MAIL** - as follows:  . I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **BY ELECTRONIC MAIL** - to All parties.

[ ]  **BY PERSONAL SERVICE** - I delivered such envelope by hand to the offices of the addressee(s).

[ ]  **BY FACSIMILE TRANSMISSION** - I caused to be served by facsimile transmission at _____ a.m./p.m. at the following facsimile machine telephone number:

[X]  **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March** ___/5__, **2008**, at Glendale, California.

_____
MIMI YAN

130-003.03(MJS)

-4-

DECL. OF MARVIN J. STRAUS IN SUPPORT OF DEFENDANT'S REQUEST FOR ADDT'L DISCOVERY

1

**PROOF OF SERVICE**
**MAILING LIST**

2

3    John H. Gomez, Esq.
     Maria F. Palmieri, Esq.
4    **The Gomez Law Firm**
     625 Broadway, Suite 600
5    San Diego, CA  92101
     Tel:  (619) 237-3490
6    Fax: (619) 237-3496
     *Attorneys for Plaintiffs, RYAN BALDWIN and JAYCE BALDWIN*

7

     John R. Clifford, Esq.
8    Gregory D. Hagen, Esq.
     Drath, Clifford, Murphy and Hagan
9    600 B Street, Suite 1550
     San Diego, CA  92101
10   Tel: (619) 595-3060
     Fax: (619) 595-3066
11   *Attorneys for Defendants, Kevin Chang Hua erroneously sued as Kevin Hua Chang; Tony Hua*
     *erroneously sued as Chang Hua; Winnice Chang erroneously sued as Winnis Hua*

12

     Randall W. Kaler Esq.
13   Gilbert, Kelly, Crowley & Jennett LLP
     750 B. Street Suite 2600
14   San Diego, CA  92101
     Tel: (619) 687-3000
15   Fax: (619) 687-3100
     *Attorneys for Defendants, James Bui & Mai Vu*

16

     Thanh Kim Nguyen
17   *Defendant In Propria Persona*
     10534 Parkdale Ave.
18   San Diego, CA  92126
     Tel: (858) 610-4756

19

     Robert Tan Nguyen, Esq.
20   Law Offices of Robert T. Nguyen
     10495 Bolsa Ave, Suite 206
21   Westminster, CA  92683
     Tel:  (714) 839-3991
22   Fax: (714) 839-3978
     *Attorneys for Defendant, Xuan Phong Vu*

23

24

25

26

27

28

-5-

1 | Marvin J. Straus, Esq. (State Bar No. 199315)
PARKER RAINSBURY STRAUS, LLP
2 | 401 West A Street, Suite 1715
San Diego, California  92101
3 | Telephone: (619) 702-7660
Facsimile:  (619) 702-8544
4 | Attorneys for Defendants/Cross-Complainants,
BINH HUU NGUYEN and DIANE HOA NGUYEN,
5 | erroneously sued as DIANE HOA, and
JAMES A. NGUYEN
6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SAN DIEGO - CENTRAL (HALL OF JUSTICE)

10

11 | RYAN BALDWIN, an individual; and JAYCE      ) · Case No.:37-2007-00081572-CU-PO-CTL
BALDWIN, an individual,                                   )
12 |                                                                        )   *(Unlimited Civil)*
Plaintiffs,                                   )
13 |                                                                        )   Assigned for All purposes to:
vs.                                                                   )   Hon. Ronald S. Prager, Dept. C-71
14 |                                                                        )
CHRISTOPHER A. BUI, an individual;          )   **DECLARATION OF MARVIN J.**
15 | JAMES A. NGUYEN, an individual; DAVID    )   **STRAUS IN SUPPORT OF**
VAN TRAN, an individual; KEVIN HUA         )   **DEFENDANT, JAMES A. NGUYEN'S**
16 | CHANG, an individual; ROBERT PHAM, an    )   **REQUEST FOR ADDITIONAL**
individual; XUAN PHONG VU, an individual;  )   **DISCOVERY**
17 | TOMMY NGO, an individual; TAM THE         )
HUYNH, an individual; JAMES BUI, an          )
18 | individual; MAI VU, an individual; BINH HUU )
NGUYEN, an individual; DIANE HOA, an       )   Complaint filed: 11/13/2007
19 | individual; HAI HOANG LIEU, an individual;  )
HUYNH MUOI, an individual; RECELA L.       )
20 | LAYON, an individual; MARY A. PHAM, an   )
individual; THANH KIM NGUYEN, an            )
21 | individual; and DOES 1 through 200, inclusive, )
                                                                        )
22 |                         Defendants.                        )
                                                                        )
23 | BINH HUU NGUYEN and DIANE HOA           )
NGUYEN,                                                        )
24 |                                                                        )
Cross-Complainants,                    )
25 | vs.                                                                   )
                                                                        )
26 | CHRISTOPHER A. BUI, DAVID VAN TRAN, )
KEVIN HUA CHANG, ROBERT PHAM,           )
27 | XUAN PHONG VU, TOMMY NGO, TAM         )
THE HUYNH, JAMES BUI, MAI VU, HAI        )
28 | HOANG LIEU, HUYNH MUOI, RECELA L.     )

-1-

1    LAYON, MARY A. PHAM, AND THANH    )
     KIM NGUYEN, and ROES 1 through 100,    )
2    inclusive,    )
                                            )
3                    Cross-Defendants.    )
     _____)
4

5

6        I, Marvin J. Straus, declare:

7

8    1.    I am presently the attorney for , James A. Nguyen, a party to this action.

9    2.    I am propounding to Ryan Baldwin the attached set of requests for admission.

10   3.    This set of requests for admission will cause the total number of requests propounded to the

11        party to whom they are directed to exceed the number of requests permitted by Section

12        2033.030 of the Code of Civil Procedure.

13   4.    I have previously propounded a total of 0 requests for admission to this party.

14   5.    This set of requests for admission contains a total of six (6) requests.

15   6.    I am familiar with the issues and the previous discovery conducted by all of the parties in this

16        case.

17   7.    I have personally examined each of the requests in this set of requests for admission.

18   8.    This number of requests for admission is warranted under Section 2033.040 of the Code of

19        Civil Procedure because the circumstances surrounding the incident subject to this lawsuit

20        are difficult to clearly understand from the great number of parties involved and each of their

21        varying descriptions on the record to date.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

-2-

1    9.    None of the requests in this set of requests is being propounded for any improper purpose,

2         such as to harass the party, or the attorney for the party, to whom it is directed, or to cause

3         unnecessary delay or needless increase in the cost of litigation.

4

5         I declare under penalty of perjury under the laws of the State of California that the foregoing

6    is true and correct.

7

8    DATED: March 15, 2008              PARKER RAINSBURY STRAUS, LLP

9

10   By: _Leslie AP Drwodie for_____

11        MARVIN J. STRAUS, ESQ.
          Attorneys for Defendants/Cross-Complainants,
          BINH HUU NGUYEN, DIANE HOA NGUYEN,
12        erroneously sued as DIANE HOA, and
          JAMES A. NGUYEN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is 505 N. Brand Blvd., Suite 810, Glendale, California 91203

On **March** _/5_, 2008, I served on the parties of record in this action the foregoing document described as: **DECLARATION OF MARVIN J. STRAUS IN SUPPORT OF DEFENDANT, JAMES A. NGUYEN'S REQUEST FOR ADDITIONAL DISCOVERY** by placing the _____ original __xxxx__ true copies thereof enclosed in sealed envelopes addressed as follows:

*PLEASE SEE*

*ATTACHED SERVICE LIST*

[X]   **BY MAIL** - as follows:     I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY ELECTRONIC MAIL** - to All parties.

[ ]   **BY PERSONAL SERVICE** - I delivered such envelope by hand to the offices of the addressee(s).

[ ]   **BY FACSIMILE TRANSMISSION** - I caused to be served by facsimile transmission at _____ a.m./p.m. at the following facsimile machine telephone number:

[X]   **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March** _/5_, **2008**, at Glendale, California.

_____
MIMI YAN

130-003.03(MJS)

-4-

1

**PROOF OF SERVICE**
**MAILING LIST**

2

3    John H. Gomez, Esq.
     Maria F. Palmieri, Esq.
4    **The Gomez Law Firm**
     625 Broadway, Suite 600
5    San Diego, CA  92101
     Tel:  (619) 237-3490
6    Fax: (619) 237-3496
     *Attorneys for Plaintiffs, RYAN BALDWIN and JAYCE BALDWIN*

7

     John R. Clifford, Esq.
8    Gregory D. Hagen, Esq.
     Drath, Clifford, Murphy and Hagan
9    600 B Street, Suite 1550
     San Diego, CA  92101
10   Tel: (619) 595-3060
     Fax: (619) 595-3066
11   *Attorneys for Defendants, Kevin Chang Hua erroneously sued as Kevin Hua Chang; Tony Hua*
     *erroneously sued as Chang Hua; Winnice Chang erroneously sued as Winnis Hua*

12

     Randall W. Kaler Esq.
13   Gilbert, Kelly, Crowley & Jennett LLP
     750 B. Street Suite 2600
14   San Diego, CA  92101
     Tel: (619) 687-3000
15   Fax: (619) 687-3100
     *Attorneys for Defendants, James Bui & Mai Vu*

16

     Thanh Kim Nguyen
17   *Defendant In Propria Persona*
     10534 Parkdale Ave.
18   San Diego, CA  92126
     Tel: (858) 610-4756

19

     Robert Tan Nguyen, Esq.
20   Law Offices of Robert T. Nguyen
     10495 Bolsa Ave, Suite 206
21   Westminster, CA  92683
     Tel:  (714) 839-3991
22   Fax: (714) 839-3978
     *Attorneys for Defendant, Xuan Phong Vu*

23

24

25

26

27

28

DECL. OF MARVIN J. STRAUS IN SUPPORT OF DEFENDANT'S REQUEST FOR ADDT'L DISCOVERY

# EXHIBIT 3

1  Marvin J. Straus, Esq. (State Bar No. 199315)
   PARKER RAINSBURY STRAUS, LLP
2  401 West A Street, Suite 1715
   San Diego, California  92101
3  Telephone: (619) 702-7660
   Facsimile: (619) 702-8544
4  Attorneys for Defendants,/Cross-Complainants,
   BINH HUU NGUYEN and DIANE HOA NGUYEN,
5  erroneously sued as DIANE HOA

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          COUNTY OF SAN DIEGO - CENTRAL (HALL OF JUSTICE)

10

11  RYAN BALDWIN, an individual; and JAYCE    )   Case No.:37-2007-00081572-CU-PO-CTL
    BALDWIN, an individual,                   )
12                                            )   *(Unlimited Civil)*
                      Plaintiffs,             )
13                                            )   Assigned for All purposes to:
    vs.                                       )   Hon. Ronald S. Prager, Dept. C-71
14                                            )
    CHRISTOPHER A. BUI, an individual;        )
15  JAMES A. NGUYEN, an individual; DAVID     )   **NOTICE OF TAKING DEPOSITION**
    VAN TRAN, an individual; KEVIN HUA        )   **AND REQUEST FOR PRODUCTION**
16  CHANG, an individual; ROBERT PHAM, an     )   **OF DOCUMENTS AT DEPOSITION**
    individual; XUAN PHONG VU, an individual; )   **OF PLAINTIFF, RYAN BALDWIN**
17  TOMMY NGO, an individual; TAM THE         )
    HUYNH, an individual; JAMES BUI, an       )
18  individual; MAI VU, an individual; BINH HUU )  Complaint filed: 11/13/2007
    NGUYEN, an individual; DIANE HOA, an      )
19  individual; HAI HOANG LIEU, an individual; )
    HUYNH MUOI, an individual; RECELA L.      )
20  LAYON, an individual; MARY A. PHAM, an    )
    individual; THANH KIM NGUYEN, an          )
21  individual; and DOES 1 through 200, inclusive, )
                                              )
22                    Defendants.             )
    _____  )
23  BINH HUU NGUYEN and DIANE HOA             )
    NGUYEN,                                   )
24                                            )
                  Cross-Complainants,         )
25  vs.                                       )
                                              )
26  CHRISTOPHER A. BUI, DAVID VAN TRAN,       )
    KEVIN HUA CHANG, ROBERT PHAM,             )
27  XUAN PHONG VU, TOMMY NGO, TAM             )
    THE HUYNH, JAMES BUI, MAI VU, HAI         )
28  HOANG LIEU, HUYNH MUOI, RECELA L.         )

**NTC OF TAKING DEPO & RQST FOR PROD AT DEPO OF PLAINTIFF, RYAN BALDWIN**

1  LAYON, MARY A. PHAM, AND THANH      )
   KIM NGUYEN, and ROES 1 through 100,  )
2  inclusive,                          )
                                       )
3            Cross-Defendants.         )
   _____  )

4

5        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

6

7        PLEASE TAKE NOTICE that Defendant, DIANE HOA NGUYEN, will take the deposition

8  of Plaintiff, RYAN BALDWIN, set for **April 29, 2008 (Tuesday)** at **10:00 a.m.,** upon oral

9  examination before a certified shorthand reporter, to be held at Parker Rainsbury Straus, LLP, 401

10 West A Street, Suite 1715, San Diego, California  92101.

11       If said deposition is not completed on said date, the taking thereof will be continued from

12 day to day thereafter at the same place, Sundays and holidays excepted, until completed.

13       **NOTE:**   If the deponent requires the services of an interpreter, you must advise this office in

14 writing no later than five (5) days before the date set for deposition of both the need for the

15 interpreter and the language required.  If you fail to do so and the deposition is then continued for

16 lack of an interpreter, sanctions will be sought against both counsel and deponent.

17       **PLEASE TAKE FURTHER NOTICE** that request is hereby made, pursuant California

18 *Code of Civil Procedure*, § 2025.220(a)(4), that said party deponent produces at the aforementioned

19 deposition the following documents and other things in the custody of said party deponent and/or

20 said party deponent's attorneys, employees, agents and investigators:

21

22       1.       Your California's driver's license or other suitable form of picture identification.

23

24 DATED: March 15, 2008            PARKER RAINSBURY STRAUS, LLP

25

26                          By Leslie M Dinwoodie for
                               MARVIN J. STRAUS, ESQ.
27                             Attorneys for Defendants/Cross-complainants,
                               BINH HUU NGUYEN, and DIANE HOA
28                             NGUYEN, erroneously sued as DIANE HOA

                                    -2-

1  ## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of 18
3  and am not a party to the within action; my business address is 505 N. Brand Blvd., Suite 810,
   Glendale, California  91203

4      On **March 15, 2008**, I served on the parties of record in this action the foregoing document
   described as:  **NOTICE OF TAKING DEPOSITION AND REQUEST FOR PRODUCTION**
5  **OF DOCUMENTS AT DEPOSITION OF PLAINTIFF, RYAN BALDWIN**  by placing the
   _____ original ___xxxx___ true copies thereof enclosed in sealed envelopes addressed as follows:

6

7  *PLEASE SEE*

8  *ATTACHED SERVICE LIST*

9

10  [X]    **BY MAIL** - as follows:       I am "readily familiar" with the firm's practice of collection
        and processing of correspondence for mailing.  Under that practice it would be deposited
        with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale,
11      California, in the ordinary course of business.  I am aware that on motion of the party served,
        service is presumed invalid if postal cancellation date or postage meter date is more than one
12      day after date of deposit for mailing in affidavit.

13  [ ]    **BY ELECTRONIC MAIL** - to All parties.

14  [ ]    **BY PERSONAL SERVICE** - I delivered such envelope by hand to the offices of the
        addressee(s).

15
16  [ ]    **BY FACSIMILE TRANSMISSION** - I caused to be served by facsimile transmission at
        _____ a.m./p.m. at the following facsimile machine telephone number:

17  [X]    **(State)** I declare under penalty of perjury under the laws of the State of California that the
        above is true and correct.

18
19      Executed on **March 15, 2008**, at Glendale, California.

20

21

22                                                            _____
                                                                      MIMI YAN

23  130-003.03(MJS)

24

25

26

27

28

                                    -3-
_____
**NTC OF TAKING DEPO & RQST FOR PROD AT DEPO OF PLAINTIFF, RYAN BALDWIN**

1

## PROOF OF SERVICE
## MAILING LIST

2

3    John H. Gomez, Esq.
     Maria F. Palmieri, Esq.
4    **The Gomez Law Firm**
     625 Broadway, Suite 600
5    San Diego, CA   92101
     Tel:  (619) 237-3490
6    Fax: (619) 237-3496
     *Attorneys for Plaintiffs, RYAN BALDWIN and JAYCE BALDWIN*

7

8    John R. Clifford, Esq.
     Gregory D. Hagen, Esq.
     Drath, Clifford, Murphy and Hagan
9    600 B Street, Suite 1550
     San Diego, CA   92101
10   Tel: (619) 595-3060
     Fax: (619) 595-3066
11   *Attorneys for Defendants, Kevin Chang Hua erroneously sued as Kevin Hua Chang; Tony Hua*
     *erroneously sued as Chang Hua; Winnice Chang erroneously sued as Winnis Hua*

12

     Randall W. Kaler Esq.
13   Gilbert, Kelly, Crowley & Jennett LLP
     750 B. Street Suite 2600
14   San Diego, CA   92101
     Tel: (619) 687-3000
15   Fax: (619) 687-3100
     *Attorneys for Defendants, James Bui & Mai Vu*

16

     Thanh Kim Nguyen
17   *Defendant In Propria Persona*
     10534 Parkdale Ave.
18   San Diego, CA   92126
     Tel: (858) 610-4756

19

     Robert Tan Nguyen, Esq.
20   Law Offices of Robert T. Nguyen
     10495 Bolsa Ave, Suite 206
21   Westminster, CA   92683
     Tel:  (714) 839-3991
22   Fax: (714) 839-3978
     *Attorneys for Defendant, Xuan Phong Vu*

23

24

25

26

27

28

-4-

W:\MJS\Baldwin v. Nguyen\Discovery\depo.R.Baldwin.wpd

1  | Marvin J. Straus, Esq. (State Bar No. 199315)
   | PARKER RAINSBURY STRAUS, LLP
2  | 401 West A Street, Suite 1715
   | San Diego, California  92101
3  | Telephone: (619) 702-7660
   | Facsimile: (619) 702-8544
4  | Attorneys for Defendants,/Cross-Complainants,
   | BINH HUU NGUYEN and DIANE HOA NGUYEN,
5  | erroneously sued as DIANE HOA

6

7

8  |              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  |         COUNTY OF SAN DIEGO - CENTRAL (HALL OF JUSTICE)

10

11 | RYAN BALDWIN, an individual; and JAYCE )    Case No.:37-2007-00081572-CU-PO-CTL
   | BALDWIN, an individual,                )
12 |                                        )    *(Unlimited Civil)*
   |              Plaintiffs,               )
13 |                                        )    Assigned for All purposes to:
   | vs.                                    )    Hon. Ronald S. Prager, Dept. C-71
14 |                                        )
   | CHRISTOPHER A. BUI, an individual;     )
15 | JAMES A. NGUYEN, an individual; DAVID  )    **NOTICE OF TAKING DEPOSITION**
   | VAN TRAN, an individual; KEVIN HUA     )    **AND REQUEST FOR PRODUCTION**
16 | CHANG, an individual; ROBERT PHAM, an  )    **OF DOCUMENTS AT DEPOSITION**
   | individual; XUAN PHONG VU, an individual; )  **OF PLAINTIFF, JAYCE BALDWIN**
17 | TOMMY NGO, an individual; TAM THE      )
   | HUYNH, an individual; JAMES BUI, an    )
18 | individual; MAI VU, an individual; BINH HUU )  Complaint filed: 11/13/2007
   | NGUYEN, an individual; DIANE HOA, an   )
19 | individual; HAI HOANG LIEU, an individual; )
   | HUYNH MUOI, an individual; RECELA L.   )
20 | LAYON, an individual; MARY A. PHAM, an )
   | individual; THANH KIM NGUYEN, an       )
21 | individual; and DOES 1 through 200, inclusive, )
   |                                        )
22 |              Defendants.               )
   |                                        )
23 | BINH HUU NGUYEN and DIANE HOA          )
   | NGUYEN,                                )
24 |                                        )
   |              Cross-Complainants,       )
25 | vs.                                    )
   |                                        )
26 | CHRISTOPHER A. BUI, DAVID VAN TRAN,    )
   | KEVIN HUA CHANG, ROBERT PHAM,          )
27 | XUAN PHONG VU, TOMMY NGO, TAM          )
   | THE HUYNH, JAMES BUI, MAI VU, HAI      )
28 | HOANG LIEU, HUYNH MUOI, RECELA L.      )

                                        -1-

1    LAYON, MARY A. PHAM, AND THANH )
     KIM NGUYEN, and ROES 1 through 100, )
2    inclusive, )
     )
3             Cross-Defendants. )
     )

4

5       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

6

7       PLEASE TAKE NOTICE that Defendant, DIANE HOA NGUYEN, will take the deposition

8 of Plaintiff, JAYCE BALDWIN, set for **April 29, 2008 (Tuesday)** at **1:00 p.m.,** upon oral

9 examination before a certified shorthand reporter, to be held at Parker Rainsbury Straus, LLP, 401

10 West A Street, Suite 1715, San Diego, California 92101.

11       If said deposition is not completed on said date, the taking thereof will be continued from

12 day to day thereafter at the same place, Sundays and holidays excepted, until completed.

13       **NOTE:** If the deponent requires the services of an interpreter, you must advise this office in

14 writing no later than five (5) days before the date set for deposition of both the need for the

15 interpreter and the language required. If you fail to do so and the deposition is then continued for

16 lack of an interpreter, sanctions will be sought against both counsel and deponent.

17       **PLEASE TAKE FURTHER NOTICE** that request is hereby made, pursuant California

18 *Code of Civil Procedure*, § 2025.220(a)(4), that said party deponent produces at the aforementioned

19 deposition the following documents and other things in the custody of said party deponent and/or

20 said party deponent's attorneys, employees, agents and investigators:

21

22       1.      Your California's driver's license or other suitable form of picture identification.

23

24 DATED: March 15 2008           PARKER RAINSBURY STRAUS, LLP

25

26                     By: *Leslie M Dinwoodie for*

                        MARVIN J. STRAUS, ESQ.

27                         Attorneys for Defendants/Cross-complainants,
                        BINH HUU NGUYEN, and DIANE HOA

28                         NGUYEN, erroneously sued as DIANE HOA

                                              W:\MJS\Baldwin v. Nguyen\Discovery\depo.J.Baldwin.wpd

**NTC OF TAKING DEPO & RQST FOR PROD AT DEPO OF PLAINTIFF, JAYCE BALDWIN**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is 505 N. Brand Blvd., Suite 810, Glendale, California  91203

On **March 15, 2008,** I served on the parties of record in this action the foregoing document described as: **NOTICE OF TAKING DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION OF PLAINTIFF, JAYCE BALDWIN** by placing the _____ original __xxxx__ true copies thereof enclosed in sealed envelopes addressed as follows:

*PLEASE SEE*

*ATTACHED SERVICE LIST*

[X]    **BY MAIL** - as follows:    I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY ELECTRONIC MAIL** - to All parties.

[ ]    **BY PERSONAL SERVICE** - I delivered such envelope by hand to the offices of the addressee(s).

[ ]    **BY FACSIMILE TRANSMISSION** - I caused to be served by facsimile transmission at _____ a.m./p.m. at the following facsimile machine telephone number: _____

[X]    **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March 15, 2008,** at Glendale, California.

_____
MIMI YAN

130-003.03(MJS)

-3-

W:\MJS\Baldwin v. Nguyen\Discovery\depo.J.Baldwin.wpd

NTC OF TAKING DEPO & RQST FOR PROD AT DEPO OF PLAINTIFF, JAYCE BALDWIN

1

## PROOF OF SERVICE
## MAILING LIST

2

3  John H. Gomez, Esq.
   Maria F. Palmieri, Esq.
4  **The Gomez Law Firm**
   625 Broadway, Suite 600
5  San Diego, CA  92101
   Tel:  (619) 237-3490
6  Fax: (619) 237-3496
   *Attorneys for Plaintiffs, RYAN BALDWIN and JAYCE BALDWIN*

7

8  John R. Clifford, Esq.
   Gregory D. Hagen, Esq.
   Drath, Clifford, Murphy and Hagan
9  600 B Street, Suite 1550
   San Diego, CA  92101
10 Tel: (619) 595-3060
   Fax: (619) 595-3066
11 *Attorneys for Defendants, Kevin Chang Hua erroneously sued as Kevin Hua Chang; Tony Hua*
   *erroneously sued as Chang Hua; Winnice Chang erroneously sued as Winnis Hua*

12

   Randall W. Kaler Esq.
13 Gilbert, Kelly, Crowley & Jennett LLP
   750 B. Street Suite 2600
14 San Diego, CA  92101
   Tel: (619) 687-3000
15 Fax: (619) 687-3100
   *Attorneys for Defendants, James Bui & Mai Vu*

16

   Thanh Kim Nguyen
17 *Defendant In Propria Persona*
   10534 Parkdale Ave.
18 San Diego, CA  92126
   Tel: (858) 610-4756

19

   Robert Tan Nguyen, Esq.
20 Law Offices of Robert T. Nguyen
   10495 Bolsa Ave, Suite 206
21 Westminster, CA  92683
   Tel:  (714) 839-3991
22 Fax: (714) 839-3978
   *Attorneys for Defendant, Xuan Phong Vu*

23

24

25

26

27

28

W:\MJS\Baldwin v. Nguyen\Discovery\depo.J.Baldwin.wpd

NTC OF TAKING DEPO & RQST FOR PROD AT DEPO OF PLAINTIFF, JAYCE BALDWIN