1 | Greg J. Ryan, State Bar No. 096071
greg@gjryan.com
2 | LAW OFFICES OF GREG J. RYAN, APLC
1010 Second Avenue, Suite 2500
3 | San Diego, CA 92101
(619) 239-4848
4 | (619) 239-8858 Fax

5 | Attorney for Defendants BINH HUU NGUYEN, DIANE HOA NGUYEN, and JAMES A. NGUYEN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMPIRE FIRE & MARINE INSURANCE COMPANY, | Case No. 08 CV0056 IEG (AJB) |
| Plaintiff, | **DEFENDANT NGUYENS JOINDER IN DEFENDANT BALDWINS MOTION TO DISMISS OR STAY (FRCP 7(b)(1); FRCP 12(b)(1, 3, & 6); (LRSD 7.1(j))** |
| v. | |
| JAMES A. NGUYEN, an individual; BINH HUU NGUYEN, an individual; DIANE HOA NGUYEN, an individual; RYAN BALDWIN, an individual; JAYCE BALDWIN, an individual; and DOES 1 through 200, Inclusive, | Judge: Hon. Irma E. Gonzalez, Presiding |
| Defendants. | |

Defendants JAMES A. NGUYEN, BINH HUU NGUYEN and DIANE HOA NGUYEN hereby join in the Motion of RYAN BALDWIN and JAYCE BALDWIN to Dismiss or Stay the above-captioned case.

/ / /

/ / /

/ / /

/ / /

/ / /

## I.

## INTRODUCTION

The Baldwins have sufficiently stated grounds for the Court to dismiss or stay this Declaratory Relief action filed by the Nguyens' homeowners carrier, Empire Fire and Marine Insurance Company. The purpose of this joinder is to provide the court with certain material facts and law pertinent to the Nguyens' and not presented in the Baldwins' motion papers.

## II.

## FACTS

On the evening of April 29, 2006, following a traffic incident, a group of men in two cars followed Jayce and Ryan Baldwin to their apartment building where a confrontation ensued. Ryan Baldwin was shot with a semiautomatic handgun and paralyzed.

The issue in this case is *who* shot Ryan Baldwin. In their underlying personal injury action, the Baldwins allege that James Nguyen, the 17 year old minor son of Binh and Diane Nguyen, was the shooter. But James Nguyen was not with the group, was not present at the scene of the shooting, and did not fire the handgun. The basis for the allegation against James is his false confession and guilty plea, which he has now recanted. The actual shooter has admitted to the shooting of Ryan Baldwin.

## III.

## THIS ACTION DEPENDS ON THE SAME FACTUAL AND LEGAL ISSUES BEING LITIGATED IN THE STATE COURT ACTION

James Nguyen's conviction, having resulted from a guilty plea with a Blakely waiver and *not* an actual trial, does not serve as a basis for collateral estoppel. *Teitelbaum Furs., Inc. v. Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601, 605-606. His liability, if any, must be determined based on the facts and evidence developed by the parties. The evidence in the State Court action so far, aside from the false confession and guilty plea, demonstrates that James Nguyen was not involved in the confrontation, did not fire a weapon, and was not even at the scene.

Empire's Declaratory Relief action on coverage is based upon the Intentional Acts Exclusion language of its policy. For the same reasons set forth above, the application of that language, or not,

depends upon the same facts and legal issues being litigated in the State Court action. There are no *undisputed* facts to be presented to the Court upon which a Declaratory Judgment can be rendered.

## IV.

## **THE NGUYENS ARE ENTITLED TO A DISMISSAL OR STAY**

Empire is providing a defense to Mr. and Mrs. Nguyen and their son in the State Court action for Ryan and Jayce Baldwin's personal injuries. The company has requested in this Declaratory Action, a declaration by the Court that it has no duty to defend or indemnify their insureds because of the intentional acts exclusion.

In *Montrose Chemical Corp. v. Superior Court* (1994) 25 Cal.App.4th 902 (*Montrose II*), the court, relying upon the principles set out in *Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287 *(Montrose I),* stated: "(1) since the duty to defend is broader than the duty to indemnify and (2) since an insurer may owe a duty to defend in an action in which coverage is in doubt and ultimately does not develop, it follows that (3) the duty to defend is a continuing one which arises on the tender of defense and (4) lasts until (a) the underlying lawsuit is resolved or (b) the coverage issue can be determined *without prejudice to the insured."* (*Id.,* at p. 909, italics added.)

In *Montrose I,* the Supreme Court summarized the general principles which are to be applied when a declaratory relief action is brought to determine coverage issues while the underlying claim on which the coverage dispute centers is still pending. "To eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action. [Citations.] For example, when the third party seeks damages on account of the insured's negligence, and the insurer seeks to avoid providing a defense by arguing that its insured harmed the third party by intentional conduct, the potential that the insurer's proof will prejudice its insured in the underlying litigation is obvious. This is the classic situation in which the declaratory relief action should be stayed. By contrast, when the coverage question is logically unrelated to the issues of consequence in the underlying case, the declaratory relief action

1  may properly proceed to judgment." (*Montrose I, supra,* 6 Cal.4th at pp. 301-302.)

2  There are three concerns which the courts have about the trial of coverage issues which necessarily turn upon the facts to be litigated in the underlying action. *First,* the insurer, who is supposed to be on the side of the insured and with whom there is a special relationship, effectively attacks its insured and thus gives aid and comfort to the claimant in the underlying suit; *second,* such a circumstance requires the insured to fight a two-front war, litigating not only with the underlying claimant, but also expending precious resources fighting an insurer over coverage questions-this effectively undercuts one of the primary reasons for purchasing liability insurance; and *third,* there is a real risk that, if the declaratory relief action proceeds to judgment before the underlying action is resolved, the insured could be collaterally estopped to contest issues in the latter by the results in the former. It is *only* where there is no potential conflict between the trial of the coverage dispute and the underlying action that an insurer can obtain an early trial date and resolution of its claim that coverage does not exist. (*Montrose II, supra,* 25 Cal.App.4th at p. 910.)

## V.

## **CONCLUSION**

The Court should grant the Motion to Dismiss or Stay the Empire action since the coverage issue at the heart of this action cannot be resolved without prejudice to the insureds, the Nguyens. The coverage question turns on facts to be litigated in the State Court action. This is the classic situation (where the coverage question rests on the intentional acts exclusion) in which the Declaratory Action should be dismissed or stayed.

                              Respectfully submitted,

Dated: July 21, 2008           LAW OFFICES OF GREG J. RYAN, APLC

                              s/Greg J. Ryan

                              Greg J. Ryan
                              Attorneys for Defendants Binh Huu Nguyen
                              & Diane Hoa Nguyen
                              E-mail: greg@gjryan.com

| | |
|---|---|
| 1 | Greg J. Ryan, State Bar No. 096071 |
| | greg@gjryan.com |
| 2 | LAW OFFICES OF GREG J. RYAN, APLC |
| | 1010 Second Avenue, Suite 2500 |
| 3 | San Diego, CA  92101 |
| | (619) 239-4848 |
| 4 | (619) 239-8858 Fax |
| 5 | Attorney for Defendants BINH HUU NGUYEN and DIANE HOA NGUYEN |

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EMPIRE FIRE & MARINE INSURANCE COMPANY, | ) | Case No.  08 CV0056 IEG (AJB) |
| Plaintiff, | ) | **PROOF OF SERVICE** |
| v. | ) | |
| JAMES A. NGUYEN, an individual; BINH HUU NGUYEN, an individual; DIANE HOA NGUYEN, an individual; RYAN BALDWIN, an individual; JAYCE BALDWIN, an individual; and DOES 1 through 200, Inclusive, | ) | Judge:          Hon. Irma E. Gonzalez, Presiding |
| | ) | Complaint Filed: January 10, 2008 |
| Defendants. | ) | |

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of San Diego, State of California. My business address is 1010 Second Avenue, Suite 2500, San Diego, California 92101.

On July 21, 2008, I served true copies of the following document(s) described as **DEFENDANT NGUYENS JOINDER IN DEFENDANT BALDWINS MOTION TO DISMISS OR STAY (FRCP 7(b)(1); FRCP 12(b)(1, 3, & 6); (LRSD 7.1(j))** on the interested parties in this action as follows:

Andrew N. Kohn, Esq. SBN 166385
PETTIT KOHN INGRASSIA & LUTZ, PC
11622 El Camino Real, Suite 300
San Diego, CA 92130

James S. Iagmin, Esq. SBN 191300
THE GOMEZ LAW FIRM
625 Broadway, Suite 600
San Diego, CA 92101

**BY MAIL:** I enclose the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the Law Offices of Greg J. Ryan, APLC's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 21, 2008, at San Diego, California.

*[signature]*
Joselia D. Flores