1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    EMPIRE FIRE & MARINE INSURANCE            CASE NO. 08cv0056 IEG (AJB)
      COMPANY,
12                                             **ORDER STAYING CASE**
                                Plaintiff,
13         vs.                                 (Doc. No. 14.)

14    JAMES A. NGUYEN, BINH HUU
      NGUYEN, DIANE HOA NGUYEN, RYAN
15    BALDWIN, and JAYCE BALDWIN,

16                                Defendants.

17

18         Presently before the Court is a motion filed by defendants Ryan Baldwin and Jayce Baldwin

19    (hereinafter Baldwin defendants) to dismiss or stay the case in light of pending litigation in state court.

20    Plaintiff Empire Fire & Marine Insurance Company filed a notice of opposition to dismissal and non-

21    opposition to a stay.  Defendants James A. Nguyen, Binh Huu Nguyen, and Diane Hoa Nguyen

22    (hereinafter Nguyen defendants) filed a notice of joinder in the Baldwin defendants' motion.  For the

23    following reasons, the Court enters a stay in this case.

24    Background

25         Plaintiff, the Nguyens' insurance carrier, is presently incurring the costs of defending the

26    Nguyens in state court against litigation brought by the Baldwins.  In the state case, filed November

27    13, 2007, the Baldwins allege James Nguyen shot and injured Ryan Baldwin.  The Baldwins also

28    allege Mr. and Mrs. Nguyen are liable for negligently supervising their son.  In this action, plaintiff

1   seeks a declaration that it is not responsible for defending the Nguyens in the state court action

2   because of an intentional acts exclusion in the policy.  The Court has jurisdiction over the action under

3   28 U.S.C. § 1332 due to the complete diversity of the parties.

4   Declaratory Judgment

5          The Baldwin and Nguyen defendants correctly argue the Court should not entertain the present

6   action at this time.  In Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942), the Supreme

7   Court explained "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to

8   proceed in a declaratory judgment suit where another suit is pending in a state court presenting the

9   same issues, not governed by federal law, between the same parties."  Id. at 495.  The Ninth Circuit

10  Court of Appeals has also held "federal courts should generally decline to entertain reactive

11  declaratory actions."  Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998) (en

12  banc). "If there are parallel state proceedings involving the same issues and parties pending at the time

13  the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state

14  court."  Id.  The Brillhart and Dizol factors disfavor exercising jurisdiction at this time, as this case

15  presents state law issues which will be decided in the underlying state court action.

16  Motion to Dismiss, or in the Alternative, to Stay

17         Although plaintiff opposes dismissal of the case and favors a stay, plaintiff does not offer any

18  reasons why a stay is more appropriate than dismissal in this case.  Similarly, the Baldwin defendants'

19  motion does not distinguish between dismissal and stay, and defendants did not file a reply  Other

20  courts considering similar issues have found a stay appropriate.  See Nat'l Chiropractic Mut. Ins. Co.

21  v. Doe, 23 F. Supp. 2d 1109, 1124 (D. Alaska, 1998) (staying action for declaration of scope of

22  insurance coverage until conclusion of underlying state court litigation).

23  //

24  //

25  //

26  //

27  //

28  //

1    Accordingly, in the interests of justice, the Court GRANTS the motion to stay and DENIES

2 the motion to dismiss without prejudice.  Plaintiff shall notify the Court no later than twenty days after

3 the underlying state court litigation is resolved.  In addition, the Court will hold a status conference

4 on **February 23, 2009, at 10:30 a.m.**, to determine whether to continue to stay the case.

5

6 IT IS SO ORDERED.

7

8 **DATED:  August 12, 2008**

9    _____
     **IRMA E. GONZALEZ, Chief Judge**
10   **United States District Court**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28